CORRA BACON FOSTER v. J. O. AND ELLEN R. ROSS, EXECUTORS.

Decided December 1, 1903.

**1.—Land—Contract to Convey—Consideration—Trust—Case Stated.**

Appellant bought of B., now deceased, a tract of land for $60,000, deeding in payment a place in Houston at $18,000, and executing vendor's lien notes for balance. Subsequently she conveyed parts of the land for about $10,000, represented by vendor's lien notes, which she delivered to B. in lieu of that much of his original lien. Her notes to B. falling due, and she being unable to meet them, applied to B. for time in which to sell the land and pay them. B. consented to cancel the debt if appellant, within a few days, would pay him $37,000. On her failure to do so B. sued on the notes, foreclosed his lien, and at the foreclosure sale bought in the land for $500, which amount he credited on the judgment. Appellant brought this suit against B., alleging that, prior to his foreclosure suit, he agreed to buy in the land at foreclosure sale in full satisfaction of his judgment, and deed the same to her if, within a reasonable time, she should find a purchaser through whose purchase she would pay him $37,000 in cash. She alleged that by force of this agreement B. took the title in trust for her; that within a reasonable time she found and tendered cash purchasers for a greater sum than named in the agreement, but that B. refused to perform his agreement, repudiated his trust, and sold a large part of the land for large sums to purchasers without notice of the trust. The consideration alleged for B.'s undertaking was appellant's agreement to accept service of the suit in G. County, and interpose no resistance to the foreclosure. Verdict and judgment was for the defendant, the latter adjudging the vendor's lien notes satisfied by the purchase of the land at sheriff's sale. Under these facts held:

1. That the transaction with B., on which this suit was based, was without consideration.

2. That in any event B.'s promise was an agreement to convey land, and not being in writing was invalid.

3. That B.'s purchase at the foreclosure sale did not constitute a trust for the benefit of appellant.

**2.—Same—Cross-Suit—Breach of Warranty—Judgment.**

After receiving the warranty deed conveying to him the Houston property, B. discovered that it was burdened with a mortgage for $3250, which, to protect his title, he was compelled to pay off with interest. He sued the appellant on her warranty, which suit, by agreement, was consolidated with appellant's suit, and the two were tried together. Judgment on this suit on the warranty was for appellant. Held, error. This transaction was not an exchange of lands, each tract standing surety for the other, but the Houston property was conveyed by warranty as a first payment on appellant's purchase, and the incumbrance described constituted a breach of warranty. See, however, the opinion on rehearing.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Burke & Tarver* and *James R. Masterson,* for appellant.

*J. R. Burnett, Edgar Walkins* and *Frank C. Jones,* for appellee.

GILL, CHIEF JUSTICE.—In 1893 Corra Bacon Foster, the appellant, bought of J. H. Burnett (now deceased) a tract of about 3500 acres of land in Harris County known as Pasadena. The agreed price was $60,000, and certain real estate in the city of Houston, belonging to appellant, and known as the "Brady place," was accepted at a valuation of $18,000 as part payment. Burnett deeded Pasadena to appellant, tak-

ing vendor's lien notes for the balance due and reserving the lien in the deed. Appellant conveyed to Burnett the Brady place, giving a warranty deed therefor. Appellant thereafter made sales of parts of the Pasadena tract, taking vendor's lien notes therefor aggregating between nine and ten thousand dollars. These notes were valueless as mere notes, but valuable because of the liens. They were turned over to Burnett in lieu of his original lien on the land they represented. The notes executed by appellant to Burnett for the purchase money of Pasadena became due, and she found she could not meet them. She approached Burnett and asked for time and opportunity to sell the land and pay them, her idea being that the value of the land exceeded the balances due as evidenced by the notes. Burnett consented to cancel the debt if appellant would pay $37,000 "in a few days." This she failed to do. Burnett thereafter sued upon the notes, foreclosed his lien and bought in the land at foreclosure sale for $500, which sum he credited on the judgment. He had discovered that there existed against the land which he had received from appellant a mortgage of $3250. This he found it necessary to pay off with interest.

This mere outline of the facts will be supplemented further on in this opinion as the questions presented may require.

Appellant brought this suit against Burnett averring, in substance, that prior to his foreclosure suit Burnett had agreed to buy in the land at foreclosure sale in full satisfaction of his judgment, and deed same to her or to some one named by her in case she, within a reasonable time, should pay him $37,000 cash. She was to find a purchaser for the land for that sum or more, to whom he would make the deed upon payment of the stipulated amount. She averred that, in pursuance of this arrangement, Burnett foreclosed his lien and bought in the land. That by force of the agreement he took the title in trust for her. That thereafter, within a reasonable time, she found cash purchasers for a greater sum than the amount named in the agreement, but that Burnett refused to perform his agreement, repudiated the trust and sold a large portion of the land for large sums to purchasers having no notice of the trust, to her great damage, for which she asks redress, and for the enforcement of the alleged trust against the unsold lands.

The consideration averred for the alleged undertaking on the part of Burnett was an agreement on the part of appellant to accept service of the suit as brought in Galveston County, and make no resistance to the foreclosure.

The controlling allegations with reference to the nature of Burnett's undertaking was to the effect that he should purchase the land at foreclosure sale, taking title to himself. That such purchase should be in full satisfaction of his judgment, and that in case she thereafter, within a reasonable time, paid him $37,000, or found a purchaser who would buy the lands on terms to her advantage, enabling her to pay the $37,000 and have something left to herself, Burnett would part with the land for that sum.

The pleadings disclose no valid defense to Burnett's foreclosure suit, and the facts render it even more certain that she had none.

Defendant answered by plea to the jurisdiction on the ground that by this suit plaintiff sought to set aside the judgment of another court.

The pleas in bar were general denial, no consideration, the statute of frauds and the statute of limitations of two and four years.

Because of the mortgage on the Houston property which Burnett found it necessary to discharge, he sued appellant on her warranty. This suit was by agreement consolidated with the suit above mentioned, and the two were tried together.

This, in general outline, is the nature of the litigation we are called on to review. The pleadings are unusually voluminous, covering nearly fifty pages of the record, but we believe a fuller statement of them unnecessary.

Pending the suits Burnett died and his executors were made parties.

In appellant's suit verdict and judgment was for defendant, but the judgment on the vendor's lien notes was declared satisfied by the purchase of the land at sheriff's sale. This judgment appellant seeks to reverse. In the suit on the warranty judgment was for appellant, and appellees seek its reversal by cross-assignments of error.

To say the very least the evidence justified the court in submitting the issue of the existence of the contract as averred by appellant, an effort on her part to comply with it and its repudiation on the part of Burnett. So, if the errors assigned against the trial court in the submission of these issues are valid, the judgment should be reversed and the cause remanded unless for some reason of an absolute nature the judgment should be permitted to stand. Even if it be held that the facts establish the contract on which appellant relies it fails to show that it was in writing. It also shows beyond controversy that it was entirely unsupported by a consideration; that appellant neither parted with any right nor assumed any burden in consideration of Burnett's alleged promise. These two we regard as reasons which require the affirmance of the judgment without reference to the supposed errors of which appellant complains. Of the first we deem it necessary to say no more than this: The contract as averred obligated Burnett to reduce his undisputed rights to the form of a judgment and to purchase the land in full discharge thereof. This being true, even if it be held that he, by electing to foreclose, lost the superior title which had been reserved in him by the recitations in the deed, his purchase, the undisputed effect of which was to satisfy the judgment, undoubtedly placed the title again in him. The promise therefore was an agreement to convey land, which should have been in writing. The transaction did not constitute a trust.

The second reason is equally clear, it seems to us.

Stripped of all immaterial matter the situation stands thus: Burnett held vendor's lien notes against appellant aggregating when reduced to judgment $57,752.35. This not only bound appellant as a personal obligation but stood as a lien upon the land. Appellant was without means,

and prior to the suit found it impossible to sell the land for enough to take advantage of Burnett's $37,000 proposition and discharge the debt. The obligation was past due and it is not even pretended that she had any defense available against Burnett's right to sue and foreclose. She consented therefore to forbear a resistance she had no power to make against a demand she conceded at the time was valid. The suit was brought. The sale was made and Burnett bought for $500 instead of the face of his judgment. The inadequacy of this consideration has become immaterial to this inquiry, inasmuch as the court in response to a prayer of appellant has declared the judgment satisfied by the sale. Burnett was, therefore, not only pursuing an absolute right, but according to appellant's own contention took such a title to the land as served to discharge a $57,000 judgment. His promise, therefore, to accept $37,000 for the land within a reasonable time amounted to no more than an agreement at the time it was made to accept a smaller sum than the debt she owed, a promise which, under the facts, was a mere gratuity. For the reasons given this phase of the judgment must be affirmed.

It was conclusively shown that Burnett's payment of the mortgage on the Brady place was a necessity which amounted to a breach of appellant's warranty. None of the pleas of appellant in bar of Burnett's demand was established. The defense that the transaction was an exchange of lands, each tract standing surety for the other, can not be allowed. The Brady tract was conveyed to Burnett at an estimated value as a first payment on the larger tract, leaving Burnett's lien an incumbrance on the entire Pasadena tract to secure the balance due. The principle applied to breach of warranty in mere exchange of lands is manifestly inapplicable here.

The judgment in the warranty suit is therefore reversed, and judgment is here rendered in favor of appellees for the sum paid on the mortgage and interest. In any aspect of the case the result seems a hard one upon appellant, but the hardship is due rather to the fluctuation in values in the one case, and the undisclosed incumbrance in the other, than to the unjust operation of any rule of law.

However this may be, we have declared what we believe to be the inevitable judgment upon the facts.

Reversed and rendered on cross-assignments.

*Reversed and rendered.*

Motion Decided December 17, 1903.

### ON MOTION FOR REHEARING.

**Judgments in Consolidated Cases—Appeal—Cross-Assignment.**

Where two cases are consolidated, but on the trial two distinct judgments are rendered, an appeal from one of the judgments does not give the opposing party a right to bring the other judgment under review by a cross-assignment of error.

GILL, ASSOCIATE JUSTICE.—We have carefully considered appellant's motion for rehearing but have found no reason to alter our conclusion in so far as the judgment in appellant's suit against Burnett is concerned. We have concluded, however, that we committed error in considering for any purpose appellees' cross-assignment complaining of the action of the trial court in the disposition of the suit of Burnett on the warranty. The question of practice presented was not called to our attention by appellee and was overlooked by us. Appellee did oppose the consideration of the cross-assignments, but only on the ground that they involved questions of fact and appellees had not assailed the verdict by a motion for new trial. This objection was not sound as to one of the cross-assignments, as the question presented by that one was of law.

It is now plain that the judgment in the consolidated cases was severable; indeed two distinct judgments may properly be said to have been rendered. From the judgment in the warranty case appellants did not appeal and appellees have not appealed. It is not therefore before us in any form for revision. In such cases there must be an appeal. Woeltz v. Woeltz, 93 Texas, 548; Anderson v. Silliman, 92 Texas, 560.

Our judgment reversing that portion of the judgment of the trial court is therefore set aside and the judgment complained of on this appeal is affirmed as originally ordered.

*Ordered accordingly.*

Writ of error refused.