ROBERTS v. ANTHONY et al.   (No. 961.)

(Court of Civil Appeals of Texas. Amarillo. April 12, 1916. Rehearing Denied April 26, 1916.)

1. CONTRACTS ⚹➝71(3)—CONSIDERATION.

The agreement of a defendant in suit to foreclose vendor's lien to waive service of citation not to contest his codefendant's right to judgment against him, and not to bid upon the property when sold under the judgment, was insufficient consideration, where defendant had no valid defense, for the codefendant's agreement to bid in the property for defendant to sell at private sale for the best price obtainable to discharge the parties' respective liabilities.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 319, 320; Dec. Dig. ⚹➝71(3).]

2. PLEADING ⚹➝34(3) — SUFFICIENCY — PRESUMPTION.

Every reasonable intendment must be presumed in favor of the sufficiency of a pleading demurred to.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 69; Dec. Dig. ⚹➝34(3).]

3. PLEADING ⚹➝214(1)—DEMURRER — ADMISSION.

Allegations of fact in a pleading are admitted by demurrer to be true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529; Dec. Dig. ⚹➝214(1).]

4. GARNISHMENT ⚹➝216 — INTERVENTION — PLEADING — SUFFICIENCY AS AGAINST DEMURRER.

Allegations that R. bought land from A., assuming vendor's lien notes given by A. to the original sellers, and, in suit against A. and R. to foreclose the vendor's lien, R. agreed with A. that R. would waive service of citation, not contest A.'s right to recover judgment against R., and not bid upon the property, while A. agreed to bid it in and place it in R.'s hands for sale to extinguish their liability, and that A. did bid in the property, but subsequently refused to sell upon the agreed terms to a purchaser procured by R., while R. could and would have procured some one to purchase at the execution sale for the sum necessary to extinguish his liability, the property being worth that amount, were sufficient, as against general demurrer, to entitle R., intervening in garnishment proceedings by A. against R.'s debtor, to an accounting and adjustment of the matters between A. and R.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 408; Dec. Dig. ⚹➝216.]

5. CONTRACTS ⚹➝10(1)—MUTUALITY OF OBLIGATION.

Where there is no other consideration for a contract, the mutual promises must be binding on both parties, but, where there is any other consideration, mutuality of obligation is not essential to the validity of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 21; Dec. Dig. ⚹➝10(1).]

6. CONTRACTS ⚹➝10(5)—WANT OF MUTUALITY —CURE.

Where defendant, in suit to foreclose a vendor's lien, undertook, as a land agent, to sell the land for the mutual benefit of himself and a codefendant, and procured at least one prospective purchaser, his services in so doing relieved of its want of mutuality, if any, the contract of the codefendant to buy in the property at execution sale and to sell to a purchaser procured by defendant.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. ⚹➝10(5).]

7. CONTRACTS ⚹➝10(5)—WANT OF MUTUALITY.

Where R., defendant in suit to foreclose a vendor's lien, contracted with his codefendant, A., who had sold the land to R., that R. would waive service of citation, would not contest A.'s right to recover judgment against him, and would not bid upon the property, while A. agreed to bid in the property at execution sale and thereafter sell it to a purchaser procured by R., the proceeds to go to the extinguishment of their liabilities to the original seller of the land, such contract was not void for want of mutuality of obligation.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. ⚹➝10(5).]

8. ACCORD AND SATISFACTION ⚹➝25(2) — PLEADING—EFFECT.

Even if the contract sued on was void for want of mutuality, the allegation that there had been an accord and satisfaction between the parties rendered the petition good as against general demurrer.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 154, 155; Dec. Dig. ⚹➝25(2).]

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Garnishment proceedings by L. Anthony against H. T. McGee, in which W. S. Roberts intervened. From a judgment for plaintiff against the garnishee, the intervener appeals. Judgment reversed, and cause remanded.

C. E. Gustavus, of Amarillo, for appellant. Ben H. Stone and E. T. Miller, both of Amarillo, for appellees.

HALL, J.   July 13, 1911, David Eley and A. Davidson recovered a judgment in the district court of Potter county against Louis Anthony, W. S. Roberts, and E. B. Power, in the sum of $1,592.04, with a foreclosure of the vendor's lien upon certain town lots in Amarillo. The judgment is also in favor of Anthony against Roberts and Power for $2,-392.32, and in favor of Roberts against Power for all amounts which the said Roberts might be forced to pay in satisfaction of the judgment. It is decreed that the land be sold and the proceeds distributed according to the rights of the respective parties, as fixed by the judgment. November 18, 1915, Anthony sued out a writ of garnishment based upon said judgment against H. T. McGee, of Lubbock county, alleging that McGee was indebted to W. S. Roberts, and in due time McGee filed his answer, admitting an indebtedness to Roberts in the sum of $940.31. Roberts intervened, and by his plea of intervention denied that he was indebted to Anthony in any amount exceeding $150, and other facts which will be hereinafter set out.

To this answer appellee filed a general and two special exceptions, which were sustained, and, appellant having declined to amend, the court dismissed the plea, and judgment was rendered in favor of appellee Anthony against the garnishee McGee, for the amount admitted to be due. The order of sale issued upon the original judgment shows that the property was sold for $2,500, Eley and Davidson were paid off, and the judgment in favor of appellee credited with $787.70.

Omitting the formal parts, the pleading to which the general demurrer was sustained is as follows:

"II. This defendant, further specially answering the affidavit of the said Louis Anthony herein, for defense thereto, and for set-off and counterclaim to such alleged indebtedness, and for cross-action against the said Louis Anthony, shows to the court that the judgment referred to is not binding upon this defendant, that same has been paid, and that the said Louis Anthony is estopped from claiming any indebtedness thereon, and in the alternative that, if any amount is justly due and owing by this defendant on said judgment, it is only a small amount of approximately $150, for this:

"(1) That at the time said suit No. 1507, styled David Eley v. Louis Anthony et al., was filed, during the pendency thereof, at the time of the rendition of said judgment, and long thereafter, the most friendly, cordial, and cooperative relationship existed between this defendant and the said Louis Anthony, and this defendant fully and completely trusted and relied upon the statement, representations, and agreements of the said Louis Anthony, and had full faith and confidence in him.

"(2) That the lands and premises involved in said suit, in addition to the legal description contained in said judgment, was a tract of land 100 feet wide, fronting the east on Tyler street, between Sixteenth and Seventeenth streets, in Amarillo, Tex., improved with a good and substantial seven-room house and other improvements, being a good and desirable residence location, having a rental value of about $40 per month, and of the reasonable value of not less than $4,000, and was a marketable and saleable piece of property; that defendant was in possession thereof, using and occupying the same as a tenant, and continued in the occupancy thereof until about March 1, 1912.

"(3) That about the time said suit was filed the said Louis Anthony came to this defendant, and they conferred together in reference to and to the end of mutually co-operating together in protecting their respective interest and liabilities in reference to said property; that said Louis Anthony having purchased the property from one Ira Webster and wife, and executed vendor lien notes in part payment therefor, and this defendant having later purchased same from said Louis Anthony, assuming the notes given by him, and executing to Louis Anthony certain vendor lien notes, and this defendant in turn having conveyed said property to E. B. Power, who had assumed all of said notes, and who held the title to said property, said notes and transactions more fully appearing from the pleadings in said cause to which reference is here made, this defendant and the said Louis Anthony discussing such situation and agreeing upon a plan of letting judgment of foreclosure be rendered in said case, and a sale of said property be made under said judgment in the discharge of their indebtedness and respective liabilities, and thereby divesting title out of the said E. B. Power, as hereinafter more fully set forth.

"(4) To this end and for this purpose the said Louis Anthony and this defendant verbally contracted, agreed, and arranged with each other that this defendant would waive service of process in the case as to the intervention and cross-action and answer in said suit, not contesting the demands of the respective parties, and that proper waiver and answer should be prepared for this defendant by the attorney for said Louis Anthony, thereby saving costs and expense in said suit, and that judgment in favor of the respective lienholders would be rendered by agreement, and over and against the parties respectively as their rights might exist, and that, when order of sale should be issued upon said judgment, the said Louis Anthony being able to protect said property and himself and this defendant in bidding same in at the sale by reason of this judgment, and not necessarily being out of money, an amount only sufficient to cover the judgments in favor of David Eley and A. Davidson, it was agreed and arranged that said Louis Anthony would attend the sale, and in the event some person did not bid an amount sufficient for said property to pay off and discharge the total indebtedness thereon, thereby relieving and protecting the said Louis Anthony and this defendant from their respective liabilities, that the said Louis Anthony should bid in said property and have a conveyance thereof made to himself, and in that event that this defendant, who was engaged in the real estate business, should thereupon give his time and efforts to selling said property at a private sale for the best price obtainable in the discharge of their respective liabilities, and that, if a sufficient amount could be secured from such sale to discharge such liabilities, said judgment would thereupon and thereby be discharged, and, if said property could not be sold for an amount sufficient for such purpose, then that this defendant would pay and discharge to the said Louis Anthony the difference or any deficiencies, it being contemplated, understood, and agreed that this defendant could and would sell this property within a few months, or at any event within a reasonable time, which this defendant alleges would have been approximately six months, whereby, and in consideration of the mutual promises and agreements aforesaid, the said Louis Anthony and this defendant each became bound and obligated to the other to carry out and perform said contract, and each became the agent of the other in undertaking such plans and agreements.

"(5) That this defendant prior to, at the time,

and at all times since was engaged in the real estate business in Amarillo, Tex., and was equipped for handling and selling said property, and, as before alleged, was occupying same, and could show, exhibit, and handle the sale thereof to the very best advantage and for the mutual benefit of the said Louis Anthony and himself and under the agreements aforesaid.

"(6) That to this end, for this purpose, and in carrying out said agreement, this defendant waived service of process in such cause as to the intervention and cross-actions, thereby saving the expenses of issuing and serving citation upon him, and this defendant having one C. A. Wright, Esq., who was acting as attorney for the said Louis Anthony, to prepare a waiver of process and the answer filed by him in said suit, and agreed to and acquiesced in the judgment rendered therein by agreement, and made no contest in said suit, all of which was known, understood, and agreed to by the said Louis Anthony.

"(7) That in pursuance of said agreement an order of sale was issued upon said judgment on or about August 8, 1911, and a sale of said property made by the sheriff of Potter county on October, 3, 1911, and the said Louis Anthony attended said sale and became the purchaser of said property for his bid of $2,500, and had said property conveyed to him.

"(8) That this defendant, relying and acting upon the agreement with the said Louis Anthony, did not attend said sale, made no efforts to procure any bidder upon said property, and fully acquiesced and relied upon the said Louis Anthony to become the purchaser thereof under the agreement aforesaid, and this defendant alleges that no other person bid upon said property except the said Louis Anthony; that this defendant could and would have procured some person to bid more for said property than $2,500, and said property was worth more than said sum, and was worth the total amount of said judgment, but, relying upon the agreement of said Louis Anthony, intrusted said matter fully and entirely to him.

"(9) That in compliance with this defendant's agreement, and after the sale of said property and a report thereof by the said Louis Anthony to him, he undertook to find a purchaser to said property and within a short time, to wit, on or about December —, 1911, he did find and procure one F. M. Hedrick, who was ready, willing, and able to purchase said property at and for the price of $4,000, which sum was sufficient, or almost sufficient, to meet, repay, and discharge any and all liabilities imposed by said judgment, and reported such purchaser to the said Louis Anthony, who accepted the tender of service made by this defendant and of the said offer as a discharge of said judgment to the extent of $4,000, but then and thereafter declined to sell said property and accept said offer, but elected to retain and hold said property for a higher price.

"(10) That thereafter the said Louis Anthony and this defendant discussed such matters, and the said Louis Anthony only claimed a small balance of $200 or $300 owing to him by this defendant on said judgment, the exact amount of which was never figured and determined between them.

"(11) That by reason of the matters aforesaid this defendant became entitled to a credit of said $4,000, as against any and all liability imposed upon him by said judgment, and the said Louis Anthony thereafter at sundry and divers times recognized the right of this defendant to such credit and discharge of said judgment, and only claimed a liability of this defendant upon said judgment of an amount of $100 or $200, the exact amount never having been fully determined, agreed upon, and adjusted between them.

"(12) That by reason of the facts aforesaid there has been an accord and satisfaction in favor of this defendant as against the said Louis Anthony for and to the extent of $4,000 offered for said property by the said F. M. Hedrick, and this defendant here alleges that, if said amount, upon an accounting and adjustment between them, is not sufficient to fully satisfy and discharge said judgment, that he is ready, willing, and able to pay the remainder owing to the said Louis Anthony, and he here tenders payment of the amount, if any, the court may find that he is due to the said Louis Anthony upon said judgment.

"(13) That by reason of the facts aforesaid this defendant says that the said Louis Anthony is in equity and good conscience precluded, and should now be estopped, from claiming the entire amount of said judgment against this defendant, and that this defendant should have credit for the said $4,000 offered for said property by the said F. M. Hedrick, and that this defendant, in carrying out his agreements with the said Louis Anthony, expended his time and efforts in behalf of the said Louis Anthony, which services were of the reasonable value of $200, for which defendant received nothing, and this defendant here pleads said matters in estoppel of the claim and contentions of the said Louis Anthony.

"(14) That, except for the agreement, understandings, and arrangements aforesaid, this defendant alleges that he could and would have made an effort to have sold said property at private sale before said judgment was rendered and before the sale thereof at sheriff's sale, and would have interested other persons in said property, and he alleged that by due and reasonable effort a purchaser for said property at private sale could have been secured at and for a price in the neighborhood of $4,000, and could thereby have discharged all or nearly all of his liability on account of the notes assumed and given by him and the amounts contained in said judgment, but, relying on the agreement of the said Louis Anthony, he did not do such things or make any effort so to do; that about March 1, 1912, after said matters had been mentioned and discussed with the said Louis Anthony, and the statements made by him that this defendant only owed a balance of some $200 or $300 on account of said judgment, he vacated said premises at the request of said Louis Anthony, and the said Louis Anthony thereafter at divers and sundry times recognized the discharge and release of this defendant, except as to said small amount; that the acts and conduct of the said Louis Anthony in now claiming the full amount of indebtedness under said judgment is fraudulent and unconscionable towards this defendant, and his present acts and conduct are fraud upon this defendant, a denial of his agency for this defendant, and an attempt to defeat this defendant of his material rights to protect himself from said judgment and from the sale of said property for the price of $2,500, for which this defendant now has no remedy, except the adjustment of account, credit upon said judgment, and estoppel of defendant, except to claim a small balance owing after credit of said $4,000."

[1-4] It will be observed that appellant alleges as a consideration for the undertaking of appellee that he would waive service of citation, would not contest the right of appellee to recover judgment against him, and would not bid upon the property. These promises, in our opinion, do not constitute a sufficient consideration, since the pleading does not show that he had any valid defense to the action (Foster v. Ross, 33 Tex. Civ. App. 615, 77 S. W. 990); but it is further alleged that it was agreed between the parties that appellant, as a real estate broker, should

try to sell the premises after appellee had bought them in for their mutual benefit, and that appellee accepted the tender of his services. Appellant further alleges that but for their agreement he could and would have procured some one to purchase the property in at execution sale for $4,000, and that the property was worth that amount. It is further shown that in compliance with his agreement to procure a purchaser for the property at private sale he did procure one Hedrick, who was ready, willing, and able to pay $4,000 for it, but that appellee subsequently refused to sell upon such terms. The petition further alleges an accord and satisfaction, and that appellee admitted the balance due him from appellant to be only about $100 or $200. The prayer is for an accounting and an adjustment of the matters between them, and, we think, was not subject to the general demurrer. Every reasonable intendment must be presumed in favor of the sufficiency of the answer, and the allegations of fact are by the demurrer admitted to be true.

[5] Appellee insists that the petition is insufficient because it shows a want of mutuality, and that appellant was not bound to perform any of the undertakings upon his part set out in the pleading. As said in R. C. L. p. 686, "Contracts," § 93:

"In many judicial decisions there may be found language to the effect that, in order that a contract may be enforceable, there must be mutuality. It has even been said that a contract implies mutual obligations. If by mutuality of obligation is meant, as some courts have suggested, that there must be an undertaking on one side and a consideration on the other, the necessity for its existence cannot be questioned; but if, as other courts have said, mutuality of obligation means that a contract must be binding on both parties, so that an action may be maintained by one against the other, the statement that mutuality of obligation is essential to every contract is too broad. * * * As a promise by one person is merely one of the kinds of consideration that will support a promise by another, mutuality of obligation is not an essential element in every contract. Therefore, to say the least, language which is susceptible of the interpretation that consideration and mutuality of obligation are two distinct elements lacks precision. Consideration is essential; mutuality of obligation is not, unless the want of mutuality would leave one party without a valid or an available consideration for his promise. The doctrine of mutuality of obligation appears, therefore, to be one aspect of the rule that mutual promises constitute considerations for each other. Where there is no other consideration for a contract, the mutual promises must be binding on both parties, but, where there is any other consideration for the contract, mutuality of obligation is not essential."

[6, 7] In this case appellant undertook, as a land agent, to sell the property for their mutual benefit, and, the pleading shows, did procure at least one prospective purchaser and his services would relieve the contract of its want of mutuality if any existed prior thereto. Stanley v. Sumrell, 163 S. W. 697. In our opinion, the allegations do not show a contract void for want of mutuality. Taber

v. Dallas County, 101 Tex. 241, 106 S. W. 332; Gammel-Statesman Pub. Co. v. Ben C. Jones & Co., 78 S. W. 21; Id., 100 Tex. 320, 99 S. W. 701; Id., 94 S. W. 191.

[8] We think, aside from this issue, the allegation that there has been an accord and satisfaction between the parties would make the petition good as against a general demurrer. If the facts alleged in this connection are true, appellee would not be entitled to recover more than $200.

The judgment is reversed, and the cause remanded.