### W. T. RAWLEIGH CO. v. LEMON et al.
(No. 2049.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1922. On Motion for Rehearing, Jan. 24, 1923.)

1. Monopolies &#9754;17(1)—Contract of absolute sale limiting resale, though by supplemental instructions if acted on, invalid.

Not only if a signed contract of absolute sale of goods for resale by its terms limits territory and price for resale, and requires the buyer to devote all his time to selling the seller's goods, is it invalid as violating the anti-trust law, but this is so if, the contract being fair on its face, such restrictions are imposed by instructions given by the seller and acted on by the buyer.

2. Evidence &#9754;186(6)—Blank forms, though bearing later date, admissible as copies of forms sent.

Blank printed forms, though showing that they were printed after the termination of the relation between the parties, are admissible as copies of those sent by plaintiff to defendant, in connection with testimony that they were the same except the date.

3. Appeal and error &#9754;1058(1)—Exclusion of claimed copies harmless in view of oral testimony.

Exclusion, because of their bearing a later date, of claimed copies of blank printed forms sent by plaintiff to defendant, but denied by defendant to contain the same provisions, was harmless; various officers of plaintiff testifying to identity of their provisions with those of the form sent.

On Motion for Rehearing.

4. Monopolies &#9754;21—Assent to modification of contract held not shown.

Where suit for price of goods sold was defended on the ground that the contract, although fair on its face, violated the anti-trust law because of secret understanding or subsequent modification, defendant had the burden of proof, and his assent to a modification of the contract was not shown by his testimony as to receiving a letter containing instructions, without testimony that he followed them.

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action by the W. T. Rawleigh Company against C. W. Lemon and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Cook, Cook & Nicholson, of Vernon, for appellant.

Berry, Stokes & Killough, of Vernon, for appellees.

BOYCE, J. [1] The W. T. Rawleigh Company, appellant, brought this suit against C. W. Lemon as principal and H. N. McDougal and T. B. Priddy as guarantors, to recover on an account for merchandise sold by plaintiff to defendant Lemon. It was alleged and proven that the sale of the merchandise was made in pursuance to a prior contract in writing, under the terms of which the defendants McDougal and Priddy guaranteed payment. The defendants pleaded that the contract under which the sales were made violated the provisions of the anti-trust law of the state, in that such contract restricted the defendant Lemon, first, to a resale of the goods within a limited territory; second, to a resale at a specified price; third, in that it required the defendant Lemon to devote all of his time to the sale of Rawleigh products only within a specified territory.

Prior to January 1, 1919, the defendant Lemon had been engaged in selling Rawleigh products within a territory described as that part of Wilbarger county north of the Pease river, and on January 1, 1919, executed a "renewal contract" containing provisions identical with those under which he had been selling such goods in said territory since the year 1915. This contract provided for the sale by the Rawleigh Company to Lemon, f. o. b. cars at Memphis, Tenn., of such products of the Rawleigh Company as might be ordered by Lemon. The contract provided for the method of payment, shipment, etc., and provided that either party might terminate it by giving the other party notice. It is in identical terms with the contract copied in the opinion in the case of W. T. Rawleigh Co. v. Smith (Tex. Civ. App.) 231 S. W. 801. This contract was signed by defendants McDougal and Priddy, who by its

terms guaranteed the payment by Lemon of all goods purchased by Lemon. There is nothing in the terms of the contract itself that is in violation of the anti-trust law, but the defendant Lemon testified that it was supplemented by other instruments, such as written designation of territory, instructions that he was to sell in only the designated territory, price lists furnished by plaintiff, with instructions to retail at such prices, instructions that Lemon should devote all of his time to the business of selling the Rawleigh products. The defendant also testified that he acted in pursuance to these instructions. The plaintiff denied that any such supplemental instructions were given, but offered evidence to the effect that defendant Lemon was left wholly free to sell the goods purchased of it when, where, and to whom and at whatever price he pleased. The case was tried without a jury, and, the trial court having found that the written contract referred to was supplemented by instructions as stated, which became a "part of the contract and the course of business between the parties," entered judgment for defendant.

The appellant concedes that it is settled that, if the contract contained the restrictions claimed by defendant, it would be illegal (Segal v. McCall Co., 108 Tex. 55, 184 S. W. 188) and that, even if the signed contract contained no such restrictions, yet, if these were imposed by instructions as to the conduct of the business given by plaintiff and acted upon by defendant Lemon, as testified to by him, the result would be the same. Caddell v. J. R. Watkins Medical Co. (Tex. Civ. App.) 227 S. W. 229; Whisenant v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1177; W. T. Rawleigh Co. v. Smith (Tex. Civ. App.) 231 S. W. 801. The propositions presented assail the finding of the court as being unsupported by the evidence or against the great preponderance thereof, and two propositions present error in the rejection of certain evidence.

The defendant Lemon gave positive testimony as to the receipt of letters, guide books, price lists, instructions, etc., which, if his testimony is true, would have the effect of imposing the restrictions as to the sale of the goods purchased by him, as found by the trial court. It is true that these writings were not produced, but he made an explanation as to their loss, and in this matter was to some extent corroborated by another witness. The plaintiffs offered several witnesses who testified that no such instructions were given to the defendant. A direct conflict in evidence was presented, which it was the province of the trial court to settle, and we do not think that we should set aside his decision thereof.

The secretary of the company attached to his deposition what he described as copies of the original "designation of territory" signed by defendant Lemon and of "price lists" set out by the company to Lemon. In this connection he testified that the original designation of territory signed by Lemon had been destroyed. This instrument was headed "Country Locality Information Blank." It was addressed to the Rawleigh Company and reads in part as follows:

"For your information I have decided to sell Rawleigh products in the locality described below (except cities, towns or villages of three hundred population or over).

"[Customer sign here] ..............
"That part of Wilbarger county north of Pease river."

The date line of the exhibit is as follows: "Date ——— 192—." In the left-hand corner of the paper appeared the following figures: "7—23—21—2200." This designation blank contained an "explanation," in which it was stated that the buyer might sell the goods purchased of the Rawleigh company "wherever, to whom and for whatever price he may desire." The secretary of the company also attached to his depositions an exhibit which he termed a copy of the price lists sent by the company to the defendant. This exhibit is a blank form bearing date as follows: "Freeport, Ill., June 1, 1921." It is addressed "To Our Customers: Subject, Retail Prices." It contains a list of Rawleigh articles with prices set opposite. It states that the information contained therein is furnished in response to the request of customers, but is "furnished with the understanding that the prices are not considered to be directions, instructions, or orders from the company or binding on you or any other customer, because all our customers are in business for themselves," etc.

[2, 3] The court sustained objections to both the exhibits above referred to on the ground that it appeared from the face thereof that the blank forms were printed in 1921, after the relation between the plaintiff and defendant terminated. In this connection we may say that the contract between plaintiff and defendant was terminated in 1919. We are inclined to think that the objections were more to the weight than to the admissibility of the evidence. While these particular blanks may not have been printed until 1921, yet they may have been identical in form with the exception of the dates to those in use from 1915 to 1919, during the time when defendant was buying goods. The date was immaterial. The witness testified that they were copies of "designation of territory" signed by defendant and of forms of price lists sent defendant. So we think that they were admissible in evidence in connection with this testimony. However, we do not think that we should reverse the case on this account. The trial judge who rejected them on account of the facts stated would have

been the judge of the weight to be attached to the evidence. His act in excluding them from consideration for this reason shows that, in his opinion, the evidence was not worthy of consideration. The defendant testified that the designation of territory signed by him and the price lists which he received from time to time were not in the form of these instruments, and did not contain the provisions above referred to. The plaintiff's secretary, to whose depositions these exhibits were attached, as well as several other officers of the plaintiff company, testified freely and fully, without objection, that plaintiff did not require defendant, by instructions contained in letters, guide books, contracts, or otherwise, to sell the goods purchased within any designated territory or any particular prices, and that defendant Lemon was at all times informed expressly that he was in business for himself, and could sell the goods purchased of the company whenever, wherever, to whom, and at whatever price he pleased. Under the circumstances, the exhibits would have been no more conclusive than the testimony just mentioned. So we think that the admission of the evidence by the trial court would not have probably changed the result of his conclusion.

We are of the opinion, therefore, that the judgment should be affirmed.

### On Motion for Rehearing.

[4] We were mistaken in the statement made in the opinion that the defendant testified that he acted on the instructions sent him by the plaintiff after the making of the renewal contract of January 1, 1919. The defendant does testify at great length as to the receipt of such instructions, price lists, etc., and his testimony leaves the impression that he was governed by these instructions; but we have carefully read his entire testimony, and find that he does not say that he followed these instructions or acted under them. The contract itself provided that such letters, bulletins, and literature of the nature sent out by the plaintiff and received by the defendant should not in any wise "alter, modify, change, or affect this agreement and shall only be considered as educational and advisory." While under the authorities above cited this provision does not give a conclusive effect to the character of such subsequent transactions, yet we would not be warranted in indulging the inference that the mere writing of the letters and receipt of them by defendant constituted in itself a modification of the terms of the contract. The contract itself was legal. The burden of proof was upon the defendant to show such modification thereof by secret understanding or subsequent modification as rendered it illegal. The defendants' assent was necessary to any modification of the contract. The evidence fails to show this assent.

The motion will be granted, and the judgment reversed and the cause remanded.