## W. T. RAWLEIGH CO. v. LEMON et al.
### (No. 2392.)

(Court of Civil Appeals of Texas.   Amarillo.
Nov. 4, 1925.)

**1. Limitation of actions ⚙127(4)—Amended petition, in action on open account for merchandise sold, held not to set up new cause of action.**

In suit on open account for merchandise sold defendant under written contract, amended petition seeking to recover in alternative upon a quantum meruit, and also declaring upon account as a stated account, *held* not to set up a new cause of action, barred by limitations, where same items and charges appeared in amendment as in original, and same debt was sought to be recovered.

**2. Contracts ⚙10(4) — Contract for sale of merchandise held not void for want of mutuality.**

Contract for sale of merchandise *held* not void for want of mutuality, where all the consideration which, under contract, moved to buyer, had been received and appropriated by him, goods had been delivered and accepted, and seller had wholly performed his obligations, and nothing remained to be done except payment of account by buyer.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by the W. T. Rawleigh Company against C. W. Lemon and others. From the judgment sustaining defendants' general demurrer and special exceptions, plaintiff appeals. Reversed and remanded.

Cook, Cook & Cole, of Vernon, of appellant.
Berry, Stokes & Killough, of Vernon, for appellees.

HALL, C. J.   This suit was filed January 27, 1921, and, after an appeal to this court and a reversal of the judgment (247 S. W. 683), an amended petition was filed April 22, 1924. In the original petition the appellant sought to recover upon an open account for merchandise sold the appellee under written contract, the payment of which was guaranteed by McDougal and Priddy. The amended petition, in addition to the action on an open account, seeks to recover, in the alternative, upon a quantum meruit, and also declares on the account as a stated account. Reference to the pleadings shows that the same items and charges appear in the amendment as are found in the original, and the same debt is sought to be recovered, in the alternative, as a stated account and upon a quantum meruit, as that declared upon as an open account.

[1, 2] This appeal is from a judgment sustaining the appellee's general demurrer and special exceptions urged to the amended petition, because (1) it appears that the cause of action is barred by the statute of two years' limitations; (2) that it is barred by the statute of four years' limitations; and (3) that it appears from the pleadings that the contract is unilateral and void for the want of mutuality. The amended petition does not set up a new cause of action. Tonn et al. v. Inner-Shoe Tire Co. (Tex. Civ. App.) 260 S. W. 1080; Burton-Lingo Co. v. Beyer, 34 Tex. Civ. App. 276, 78 S. W. 248. The pleading alleges that the debt was due and payable on December 31, 1919, and since the original petition was filed January 27, 1921, the action is not barred by either the statutes of two or four years' limitations. The amended petition shows that all the consideration which, under the contract, moved to the defendant, had been received and appropriated by him; that the goods had been delivered and accepted; that the appellant has wholly performed the obligations of the contract; that nothing remains to be done under it except the payment of the account by the appellee. The defense of want of mutuality is therefore not applicable. Roberts v. Anthony (Tex. Civ. App.) 185 S. W. 423; Taber et al. v. Dallas County, 101 Tex. 241, 106 S. W. 332, 13 C. J. pp. 334, 335, §§ 180, 181, 182.

We sustain all of the appellant's contentions, and reverse the judgment, and remand the cause for trial.

Reversed and remanded.

---

# MEMORANDUM DECISIONS

---

### I

Isadore ABRAMSON v. STATE.   (No. 9647.)   (Court of Criminal Appeals of Texas. Oct. 14, 1925.   Rehearing Denied Nov. 18, 1925.)   Appeal from Criminal District Court No. 2, Dallas County;   C. A. Pippen, Judge. Chaney & Dailey, of Dallas, for appellant. Shelby S. Cox, Cr. Dist. Atty., of Dallas, Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J.   Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years. The indictment appears regular. Nothing is brought forward for review by way of statement of facts or bills of exception. The judgment is affirmed.

---

### 2

G. C. CLARY v. STATE.   (No. 9840.) (Court of Criminal Appeals of Texas.   Oct. 21, 1925.)   Appeal from District Court, Taylor County;   W. R. Ely, Judge.   M. S. Long, of Abilene, for appellant.   Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

---

⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes