**COLLINS et al. v. ENGLISH et al.**
No. 14306.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 5, 1941.

G. A. Lynn and B. L. Collins, both of Lufkin, and Lightfoot, Robertson & Gano, of Fort Worth, for appellants.

Norman, Stone & Norman, of Jacksonville, and Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellees.

SPEER, Justice.

This suit was originally instituted by Mrs. Mary Smith, B. L. Collins and G. A. Lynn against H. E. English and Red Ball Motor Freight Lines, a corporation; but subsequently Mrs. Smith filed a pleading in which she admitted settlement in full of the matters in controversy, and disclaimed further interest therein and asked that she be permitted to withdraw from the suit. Her request was granted by the court.

An amended petition was filed by the remaining plaintiffs, Collins and Lynn, seeking recovery against the defendants for $2,666.66, alleged to be the amount due them because of an assigned interest by Mrs. Smith in a claim held by her against defendants, which claim had been settled by defendants with Mrs. Smith with the knowledge of defendants, that the said Collins and Lynn held such interest.

From the amended petition it appears that the husband of Mrs. Smith had been killed by one of defendants' trucks and that she was claiming damages against defendants for their negligent acts. Defendants had offered her $7,000 in settlement of her claim. That she had declined to accept the offer, and had entered into a written contract with plaintiffs, as practicing attorneys, to represent her in said matter. That if the claim could not be compromised upon a basis satisfactory to Mrs. Smith, then to file suit and prosecute it to final determination; that by the terms of said contract Mrs. Smith as-

signed to plaintiffs an undivided one-third interest in said claim, as compensation for their services; that plaintiffs gave defendants notice of their contract and assigned interest in the claim; that thereafter defendants made settlement with Mrs. Smith without notice to or knowledge of plaintiffs.

Plaintiffs prayed for judgment in the sum of $2,666.66, one-third of the $8,000 paid by defendants. The written assignment and contract was pleaded by plaintiffs, haec verba as a basis of recovery. However, in the contract are provisions which may limit plaintiffs' right of recovery to a lesser amount than that pleaded. If the case should be tried again the trial court will doubtless properly construe the written document, unless it should appear from its terms to be ambiguous, in which event of course it would be a fact issue. In the present condition of the record, that question is not before us.

Defendants answered with general demurrer, general denial and further by special answer as follows: "These defendants and each of them, would respectfully show to the court that the contract alleged in paragraph 6 of plaintiffs' petition is void and illegal." Paragraph 6 of plaintiffs' petition related to the contract between Mrs. Smith and the attorneys.

A jury trial was had. A single special issue was submitted, and by an affirmative answer the jury found that plaintiffs' contract of employment was procured by them in violation of Penal Code Art. 430, commonly known as our law against barratry. Upon this verdict, judgment was entered against plaintiffs, from which this appeal was perfected.

Points raised by plaintiffs, upon which they seek a reversal of the judgment, are, in substance: (1) There were no pleadings by defendants upon which testimony could be introduced by them, showing the invalidity of the contract sued on; (2) the testimony introduced by defendants over the objections of plaintiffs, and upon which the jury verdict was based, was incompetent for lack of pleadings, and (3) there were no pleadings nor competent testimony to support the jury verdict.

It is obvious that these points involve one general proposition, which we consider determinative of the result of this appeal. As we view the record, the controlling question here involved is, whether or not the pleadings of the parties are such that defendants could successfully attack the validity of plaintiffs' contract of employment.

It was stipulated that the contract between plaintiffs and Mrs. Smith pleaded by plaintiffs was executed by her, that defendants had notice thereof prior to the time they made settlement with her for $8,000, and that in consideration of said settlement Mrs. Smith executed a release of further liability from defendants to her. The contract was introduced in evidence by plaintiffs; we have read it carefully and find that it contains nothing tending to invalidate it because of the provisions of the Penal Code. Both of the plaintiffs testified that they were licensed and practicing attorneys and that Mr. Lynn negotiated with Mrs. Smith, resulting in the consummation of the contract. That Mr. Collins did not know Mrs. Smith and was not present when any of the negotiations were carried on between Mrs. Smith and Mr. Lynn; that the original suit was filed in the name of Mrs. Smith and that settlement had been made with her by defendants for $8,000 after suit was filed, and that neither of the plaintiffs knew of the settlement until afterwards; when a release had been executed by Mrs. Smith. On cross-examination of Mr. Lynn, and by the direct testimony of Mrs. Smith offered by defendants, sufficient testimony was adduced to raise the issue of the procurement of the contract by plaintiffs in violation of the barratry statutes of Texas. Plaintiffs objected to the introduction of that testimony upon the ground that the pleadings of defendants were insufficient to authorize it, but the court overruled the objections and admitted the testimony. Upon this point the court submitted the sole Special Issue above mentioned, and entered judgment upon the jury's answer.

Plaintiffs affirm, under the points raised in their brief, that the answer of defendants is insufficient as a basis for the offending testimony, and defendants contend that their general denial and the special plea of illegality of the contract sued on are sufficient. Neither party cites any authority for the contention made but generously intimate that none should be necessary for this court.

Under the law and rules of procedure applicable at the time the trial of this case was had, we find upon an independent investigation that the authorities are in apparent conflict, as we shall later demonstrate.

■ We think it pertinent to first refer to the special plea of the illegality of the contract sued on, as made by defendants. We quoted it above, and it will be observed that it is no more than a legal conclusion by the pleader; no facts are alleged in connection with the plea to support the statement made. In 33 Tex.Jur., sect. 169, p. 616, relating to such form of pleading, this is said: "A pleading that contains only a conclusion of law with respect to one or more of the elements of the cause of action is insufficient to support a judgment. In such case a judgment for the pleader may be reversed on appeal, although the pleading was not demurred to below * * *."

In this case, under the rulings of the court here complained of, defendants offered testimony which did not tend to rebut the facts pleaded by plaintiffs relating to their assignment contract, but were facts which, if established by competent testimony, show an independent reason why plaintiffs should not recover in the case pleaded by them. In such circumstances as here presented, it was necessary for defendants to adequately plead facts rendering plaintiffs' contract "void and illegal". Moody & Co. v. Rowland, 100 Tex. 363, 99 S.W. 1112.

■ This brings us to a consideration of whether or not the testimony offered by defendants relating to the manner in which the contract sued on was procured, could be offered under the general denial by defendants. The settled rule in this State seems to be announced in Mullin v. Nash-El Paso Motor Co., Tex.Civ.App., 250 S.W. 472, writ of error refused. In that case, defendant relied upon the general denial. At page 475 of 250 S.W. this is said: "The rule of pleading is that, if a plaintiff, in order to make out his cause of action, is required to show that the contract sued upon is, for any reason, illegal, the court will not enforce it, whether pleaded as a defense or not. But when the illegality does not appear from the contract itself or for [from] the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and; to be available, it must be pleaded." The doctrine above announced has been consistently followed by our courts, and is admirably discussed by the Amarillo Court in Blackwell v. General Motors Acceptance Corp., Tex.Civ.App., 54 S.W.2d 251. In the last-cited case, it is indicated that there are expressions found in some of the decisions to the effect that if the illegality of the contract sued on appears, even though not pleaded, the courts will at once refuse to enforce its provisions. We, too, have read the cases referred to, along with others to the same effect, but we can perceive of no legitimate way for the illegality of the contract to "appear" to the trial court except by competent testimony, and this brings us back to the point where we started—that is, when may competent testimony be offered to establish the illegality of a contract sued on?

■ We have concluded that since there is nothing in plaintiffs' contract nor in the testimony necessary to establish it upon the trial, which tended to show its invalidity, the trial court erred in admitting the testimony offered by defendants tending to show its procurement in violation of law, under their general denial and the imperfect plea that the contract was "void and illegal".

If upon another trial defendants should amend their answer and cure the defect disclosed by the conclusion theretofore relied upon, and the testimony should be the same as at the former trial, a proper question of fact would be raised for jury determination, if tried to a jury.

■ Before the single issue was submitted, inquiring whether or not plaintiffs procured their contract in violation of the barratry statute, plaintiffs objected to its form upon grounds, among others, that it was multifarious. The point was not brought forward in the briefs, and is not before us at this time. We note the trial was had prior to the effective date of the new Rules of Practice and Procedure in Civil Cases and the rules as they now exist were not applicable, and we find it unnecessary to make further comment thereon, at this time.

For the reasons above set out, we hold that the judgment entered for defendants cannot stand. The judgment is therefore reversed and the cause remanded for another trial.