Elias GREENFELD, Appellant,

v.

SAN JACINTO INSURANCE COMPANY, Appellee.

No. 13333.

Court of Civil Appeals of Texas.

Houston.

Dec. 4, 1958.

Billy B. Goldberg and Charles E. Heidingsfelder, Jr., Houston, for appellant.

Painter & Painter and J. H. Painter, Jr., Houston, for appellee.

WOODRUFF, Justice.

This suit was instituted by the appellant, Elias Greenfeld, to recover from appellee, San Jacinto Insurance Company, on an insurance policy issued to appellant for fire damage done to the merchandise, furniture and fixtures located in the appellant's store. In a trial before the court without a jury, evidence was offered by appellee which showed that appellant started the fire intentionally, and after both parties rested judgment was entered by the court denying appellant a recovery. Having duly excepted to the ruling of the court appellant perfected this appeal. Neither party requested Findings of Fact or Conclusions of Law.

Appellant rests his appeal upon two points of error. First, he contends that the trial court erred in admitting evidence over his objection that he intentionally started the fire to collect the insurance, because there was no affirmative pleading by appellee raising such issue; and second, he urges there was no competent evidence in the record to support such judgment.

Appellee's answer, in addition to the general denial, contains the following verified special plea:

"Defendant specially denies that the loss herein sued upon *occured* in the manner and in the fashion covered by such policy of insurance and says specifically that same *occured* by virtue of certain acts of deed or happenings which were not covered by said policy. * * *"

No special exception was filed to this pleading.

After the insurance policy had been tendered into evidence and appellant had testified to the loss occasioned by the fire, appellee offered as a witness Harry Foster, an investigator for the City of Houston. He stated that a short time after the fire he talked to appellant, and, over appellant's objection that there was no pleading to support such testimony, he testified that appellant told him that he had started the

fire. The witness then produced a written statement signed by appellant which the witness said had been taken by him from appellant, and, over appellant's objection that it had not been shown that the proper warning had been given to appellant before it was made, the statement was admitted in evidence. It contained an extensive recitation of appellant's personal history which ultimately led to his going into business. It also recited that his business later became involved in financial difficulties and he then decided to set it on fire to collect fire insurance. On the Saturday night of the fire, so the statement reflected, he decided to set the place on fire and just before he closed he dumped the contents of an ashtray, including a lighted cigarette, into a pasteboard box under the counter which contained an accumulation of paper. This was about three minutes to 8 p. m., shortly before closing time on the night it burned. When he dumped the tray with the lighted cigarette into this box, so the statement reflects, his intentions were to set these papers on fire in the trash box and cause a lot of smoke and fire damage to his store so he could collect his fire insurance. The store burned shortly after he reached his house that evening.

Appellant, by his first Point, contends that the trial court erred in admitting the evidence and in basing its judgment thereon because there was no affirmative pleading by appellee raising such issue.

■ It should be observed here that the defense relied on by appellee is not dependent upon any provision of the insurance policy. Public policy will not permit a recovery by the insured who knowingly burns insured property in order to collect the insurance thereon. The universal acceptance of this rule is pointed out in the decisions of the Supreme Court of the United States in Columbia Insurance Co. of Alexandria v. Lawrence, 10 Pet. 507, 9 L.Ed. 512, and Ritter v. Mutual Life Ins. Co., 169 U.S. 139, 18 S.Ct. 300, 42 L.Ed. 693. In the latter

case Mr. Justice Harlan, speaking for the Court, said: (quoting from Supreme Commandery of Knights of Golden Rule v. Ainsworth, 71 Ala. 436)

" 'In all contracts of insurance, there is an implied understanding or agreement that the risks insured against are such as the thing insured, whether it is property, or health, or life, is usually subject to, and the assured cannot voluntarily and intentionally vary them. Upon principles of public policy and morals, the fraud, or the criminal misconduct of the assured is, in contracts of marine or of fire insurance, an implied exception to the liability of the insurer. * * *' "

The same rule obtains in this State. In Jones v. Fidelity & Guaranty Ins. Corp., Tex.Civ.App., 250 S.W.2d 281, writ ref., it was said:

"Fraudulent losses are generally excepted from the coverage of fire insurance contracts upon grounds of public policy and morals. Accordingly, the voluntary and intentional burning of insured property by the insured does not ordinarily give rise to a cause of action for the recovery of loss resulting from the fire, even though such loss is not expressly excepted from the coverage of the policy. * * *

"Therefore, we hold that the act of arson on the part of appellant's former husband (one of the insured) rendered the entire policy here sued upon void and deprived appellant of any lawful right of recovery herein." · (parenthesis ours)

■ Inasmuch as the defense of this case was not dependent upon any provision of the contract, we are not concerned with the last sentence of Rule 94, Texas Rules of Civil Procedure. The first sentence of that Rule, however, provides that in pleading to a preceding pleading a party shall set forth affirmatively certain defenses there stated including "illegality" and matters

"constituting an avoidance or affirmative defense."

▮ In discussing appellee's answer we believe that we should take notice of several well established rules which must be observed in construing pleadings to which no special exception has been leveled. The rule is well settled that in the absence of special exception a petition will be liberally construed in favor of the pleader and to support the judgment. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Labay v. Amicable Life Ins. Co., Tex. Civ.App., 261 S.W.2d 476. Substantially the same rule is applicable to the defendant's pleadings on the accepted theory that every reasonable intendment of the pleader must be indulged. Texas Wine & Liquor Co. v. Willis, Tex.Civ.App., 239 S.W.2d 695; Sigel v. Buccaneer Hotel Co., Civ.App., 40 S.W.2d 168, writ ref.; Anderson v. First National Bank, Tex.Civ.App., 191 S.W. 836, error dis.; Roberts v. Anthony, Tex.Civ.App., 185 S.W. 423.

Referring now to the answer, it states that "The Defendant specially denies that the loss herein sued upon *occured* in the manner and fashion covered by such policy of insurance." Following this special denial is the affirmative plea reading, "and says specifically that same *occured* by virtue of certain acts of deed or happenings which were not covered by said policy."

▮ Indulging the pleader with every reasonable intendment, as we must in the absence of a special exception, we are of the opinion that the special denial clearly denied that the loss sued upon, which by every reasonable intendment includes the fire that caused it, occurred within the terms of the policy. And, passing to the affirmative plea, we are of the opinion that by following the same rule it specially pled that the loss and fire which caused it occurred by virtue of certain affirmative acts of a person or persons which were not covered by the policy. An "act of deed", given reasonable intendment, compels the meaning of an affirmative act.

In support of his contention appellant cites three cases. The first is Collins v. English, Tex.Civ.App., 157 S.W.2d 155. This case, as the opinion reflects, was tried in the District Court before the New Rules of Practice and Procedure became effective and consequently its holding is of no assistance. Also cited is Jones v. Allen, Tex. Civ.App., 294 S.W.2d 259, wherein the opinion clearly states, as we read it, that there was no pleading whatever upon which appellant could be afforded relief on an alternative legal theory advanced on appeal.

The third case is Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584, 585, error ref., wherein an employee sought recovery under the Workmen's Compensation Act for an injury sustained while loading a keg of beer for his employer. The defendant alleged that the plaintiff at the time of injury "was not an employee of Ben E. Keith Company, as contemplated * * * under the compensation laws of this State." Over plaintiff's objections defendant proved that plaintiff did not have a health certificate and thus violated our Penal Code, and although the jury verdict was in plaintiff's favor, the trial court rendered judgment non obstante veredicto for the defendant on the theory that the plaintiff at the time of injury was not an employee under the Compensation Act, as held in Rogers v. Traders & General Ins. Co., 1940, 135 Tex. 149, 139 S.W. 2d 784, 124 A.L.R. 1305.

In reversing the trial court, the Court of Civil Appeals observed that before our present Rules of Practice and Procedure, it was unnecessary to specially plead such illegality to raise the issue, and held that Rule 94, T.R.C.P., wrought a change in this respect by requiring that such matter be affirmatively pled and that the pleading did not give fair notice to the opposite party as contemplated by Rule 45, T.R.C.P.

It is apparent from a reading of that opinion that the decision turned upon the conclusion there reached that the meagre statement that plaintiff was not an em-

ployee under the compensation laws was so bereft of meaning that it wholly failed to give plaintiff any notice that out of the manifold situations which might be asserted in attempting to defeat a claimant of the status of an employee, and all of which the employee knew that he could meet, the defendant was relying on the obscure premise of his failure to have a health certificate.

While it must be confessed that the pleadings under attack in this case were not phrased in such manner as to warrant commendation, we are of the opinion that upon reading them and according them every reasonable intendment in favor of the appellee, it is not tenable to say that the language therein was not sufficient to inform appellant that evidence would be offered on trial to show that he had set fire to the insured property and such event was not covered by the policy.

If the contention is made that the pleading did not specially name appellant as the person who set the fire, then what person's acts other than appellant's or those of some one who acted at his instigation would have caused the loss not to be covered by the policy? None has been suggested by appellant.

Moreover, if appellant desired a more specific allegation he could have filed a special exception to this pleading. This he did not see fit to do and therefore he should not be permitted to complain. C. D. Shamburger Lumber Co. v. Delavan, Tex.Civ.App., 106 S.W.2d 351, writ ref.

But irrespective of what has been said, looking to the facts and circumstances of this case, and in particular to the appellant's knowledge that he had made a signed statement setting forth his connection with the fire, we are of the opinion and so hold that the last provision of Rule 45, T.R.C.P., reading that, "all pleadings shall be so construed as to do substantial justice" should be applied is sustaining the trial court's action in overruling appellant's objection to the testimony because of the insufficiency of the appellee's pleadings.

By his second Point appellant asserts that the trial court erred in finding that he intentionally started the fire to collect the insurance and that therefore no competent evidence was offered to support the judgment denying him a recovery.

As heretofore observed, no Findings of Fact or Conclusions of Law were either requested or filed in the trial court and, consequently, it is an unwarranted assumption that the trial court based his judgment on the sole finding that appellant purposely set fire to the premises. Where a case is tried to the court without a jury and no fact findings are filed or requested, it is the duty of an appellate court to affirm the judgment appealed from upon any reasonable theory supported by the evidence and authorized by law. Brown Co. v. Terrell, Tex.Civ.App., 310 S.W.2d 757, 759; Connor v. City of University Park, Tex.Civ. App., 142 S.W.2d 706-708.

However, inasmuch as we are not in accord with the appellant's contention that there was no competent evidence in the record to support the fact finding by the trial court that appellant intentionally started the fire to collect the insurance, we deem it unnecessary to discuss any other finding which the record supports.

Appellant's attack upon this implied finding is premised upon his contention that the two-page statement signed by appellant was inadmissible because it was not proven that the warning applicable to confessions in a criminal case was given him before he made it, or that he read it or had it read to him, and because he was in the custody of the officers for some six or seven hours before it was signed. Also it was shown that he was asked by the officers to accompany them to the police station between 10 and 11 in the morning and the statement was made between 4 and 5 o'clock that afternoon. Appellant testified he signed the statement because they told him to sign it and he could go.

Appellant's testimony shows that he was an educated man. He testified that he had been graduated from a Theological College in England and had been an instructor in Hebrew for several years in Houston and was engaged in that profession in another city at the time of the trial. He said he could read the English language "a little" and his testimony demonstrated a good command of our language. The proof showed that he signed each page of the statement, that at the beginning on the first page it recited the statutory warning had been given to him and that the last sentence immediately above his signature read: "I can read and write the English language and I have read this two-page statement and the same is true and correct."

The trial court heard the testimony of the officers and the appellant with reference to the circumstances surrounding the taking of the statement and these were matters which were passed upon in admitting the statement and weighing the testimony.

No Texas authority excluding the admission of such statements in evidence in civil cases has been cited in support of this contention, and we know of none. The law as we view it is to the contrary; such admissions against interest being admissible in civil cases. Evans v. Ball, Tex.Civ. App., 6 S.W.2d 180, writ dism.; Koons v. Rook, Tex.Com.App., 295 S.W. 592. The case of Castelo v. Castelo, Tex.Civ.App., 89 S.W.2d 1033, cited by appellant is not in point because the letter which was excluded from the evidence in that case was not signed by the appellee, nor was it shown that he had authorized anyone to write it.

In considering the sufficiency of the evidence to sustain the findings of the trial court, we are required to construe it in the light most favorable to the judgment rendered, disregarding all evidence adverse thereto and indulging every legitimate conclusion which tends to uphold it. Blackburn v. Manning, Tex.Civ.App., 307 S.W.2d 347; Truelove v. Truelove, Tex.

Civ.App., 266 S.W.2d 491, writ ref.; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. There was ample testimony to support the finding that appellant intentionally set fire to the premises for the purpose of collecting the insurance.

The judgment of the trial court is affirmed.