EMMA CHAPMAN v. JOHANNA CHAPMAN.

No. 805.

**Widow's Right to Administer Upon Husband's Estate.**

The application for letters of administration by one claiming to be widow of deceased, and against the claim of another also claiming to be his widow, does not involve the adjudication of community rights in property acquired. Such question could not properly be brought into the controversy either in the County or District Court. ........................................... 642

APPLICATION for writ of error to Court of Civil Appeals for First District, in an appeal from Victoria County.

This was a contest over the right to administer upon the estate of Thomas Chapman, deceased, between two women, each claiming to be his widow. Johanna seems to have established. a common law marriage—evidenced by cohabitation and repute. They separated, and several years thereafter Emma was married to him under the forms of law.

The decision of the Probate Court of Victoria County was in favor of the second marriage. On appeal to the District Court, Johanna, the common law wife, was successful. This was on appeal affirmed by the Court of Civil Appeals.

It was complained, in application to the Supreme Court for writ of error, that the decision of the Court of Civil Appeals upon the main contest was wrong; and further, that the court had erred in disregarding the claim of Emma, the second wife, to the one-half of the property acquired during their marriage.

*A. B.* and *W. M. Peticolas,* for application.—1. Presumption of marriage from cohabitation and repute the law declines to raise when, in a contest between two marriages, one is the common law and the other is legal. Bish. on Marr. and Div., secs. 444, 485, 493; Jones v. Jones, 30 Am. Rep., 471; 48 Md., 391; Jenkins v. Jenkins, 83 Ga., 283; Weatherford v. Weatherford, 20 Ala., 546; Coal Run Co. v. Jones, 127 Ill., 379; Clayton v. Wardell, 5 Barb., 290; Taylor v. Taylor, 1 Lee, 571; Jones v. Jones, 45 Md., 144; Houpt v. Houpt, 5 Ohio, 539; Foster v. Hawley, 3 Hun, 68; Blanchard v. Lambert, 43 Me., 205; Stevens v. Joyal, 48 Vt., 291.

2. The Court of Civil Appeals, erred in holding that the question of the validity of the two marriages was only involved as affecting the right to administer, and that the question as to whether there was a community estate between Tom and Emma (the second wife), which should be left to her control, was also involved only in so far as it affected that right.

GAINES, CHIEF JUSTICE.—In refusing the application in this case, we desire to say, that we do so because we fully concur with the Court

of Civil Appeals in holding, that the decision of the case does not in-volve the adjudication of the rights of the applicant to an undivided half of the property acquired by the intestate since their putative marriage. This being a contest as to a right to administer upon the estate, that question could not properly be brought into the case either in the County Court or in the District Court, to which an appeal was taken.

We think the Court of Civil Appeals correctly held, that the appel-lee was lawfully married to the intestate, and that she was therefore his lawful widow, and was entitled under the statute to administer the estate.

The application for a writ of error is therefore refused.

*Refused.*

Delivered November 14, 1895.