PASTEUR VACCINE COMPANY v. F. J. BURKEY.

Decided December 14, 1899.

### 1.   Foreign Corporation—Interstate Commerce.

A foreign corporation may maintain an action here for goods sold to a resident of this State without showing that it had a permit to do business here, as required by articles 745-747 of the Revised Statutes, as those articles are not applicable where the transaction is interstate commerce.

### 2.   .Anti-Trust Law—Restraint of Trade—Illegal Contract.

A contract between a foreign corporation and a citizen of this State, giving the latter the exclusive right to sell goods in Texas manufactured by the former, and fixing the prices at which they shall be sold, is void under articles 5313, 5319 of the Revised Statutes, and the corporation can not recover the price of goods sold under such contract.

### 3.   Practice on Appeal—Fundamental Error—Illegality of Contract.

In an action brought on a contract which is void as being against public policy and in violation of a statute as well, the appellate court will refuse to aid its enforcement, although the question of its illegality was not raised in the court below nor presented by assignment of error above.

### 4.   Anti-Trust Statute—Illegal Contract—Reconvention.

Where plaintiff's suit is for the price of goods sold under a contract made void by the anti-trust statutes, the defendant can not, in reconvention, recover damages for a breach of such contract.

### 5.   Parol Evidence—Written Contract.

Where a written contract provided by its terms that it should continue for a year, and should be renewable by mutual consent, parol evidence was admissible to show that it had been renewed, but not to show what the parties to it understood as to the time it was to run.

ERROR from the County Court of Galveston.   Tried below before Hon. MORGAN M. MANN.

*Labatt & Labatt,* for plaintiff in error.

*Jas. B. & Chas. J. Stubbs,* for defendant in error.

GARRETT, CHIEF JUSTICE.—Pasteur Vaccine Company, a foreign corporation, brought this suit against the defendant, F. J. Burkey, upon a verified account for $259.14 for vaccine sold to him from Chicago, in the State of Illinois, during June and July, 1897. The defendant pleaded in reconvention against the plaintiff damages for the violation of a contract entered into between himself and plaintiff for the sale of its vaccine to the defendant exclusively within certain parts of the State of Texas, by the sale thereof by plaintiff to other persons, and by plaintiff's quoting the vaccine at a less price to others than the fixed prices, by reason of which the defendant lost profits which he would have made, also expenses for advertising the vaccine and traveling expenses for the promotion of the sale thereof, making a total sum of $965 pleaded in reconvention.   Upon the trial the jury returned a verdict in favor of defendant for the sum of $450.32 as the difference between the account

sued on and the amount for damages found by them on the plea in reconvention. The jury found the amount of the account sued on and the interest in favor of the plaintiff to be $274.68. The defense is founded entirely upon a contract between the vaccine company, as party of the first part, and F. J. Burkey, as party of the second part, which contains, among others, the following stipulation: "In consideration of the said second party undertaking to make every possible effort to introduce into the territory hereinafter mentioned the system of vaccinating animals practiced by said first party, and to promote the sale and use in the said territory of the anthrax and black leg vaccines prepared or dealt in by the said first party, the said first-party hereby gives and grants unto the said party exclusive right to use and sell said vaccines in said territory.

"The said second party hereby accepts the said grant and agrees to make every possible effort to introduce the said system and to promote the sale and use of said vaccines in said territory. And the said second party hereby agrees to purchase exclusively from said first party all and any of the said vaccines to be used or sold or otherwise disposed of by said second party, directly or indirectly, within the said territory; and the said vaccines shall not be used or sold or otherwise disposed of, directly or indirectly, by said second party outside of the said territory."

It further defines the part of the State of Texas in which Burkey is to sell the vaccine, and fixes the prices at which the company will sell it to him, and requires all payments therefor to be made by net sight draft on New York. The contract has also the following stipulation: "This agreement shall be for the term of one year from September 27, 1895, but shall be renewable by mutual consent at the expiration of said term."

The defendant pleaded in the court below by demurrer that the petition showed that the plaintiff was not entitled to maintain its cause of action, because it sued as a foreign corporation and did not show that it had a permit to do business in the State of Texas, and the dedendant also suggests the same question on this appeal, but it appears that although the plaintiff is a foreign corporation, the transaction for the sale of the vaccine by it to the defendant was interstate commerce, to which articles 745-747 of the Revised Statutes do not apply. Gale Mfg. Co. v. Finkelstein & Son, this day decided by this court, post, p. — There is a distinction between the facts of this case and the Gale Manufacturing Company v. Finkelstein & Son, and that of Miller v. Goodman, 91 Texas, 42. In the first mentioned cases the goods were sold directly to the defendant, and the suit was brought for the price. In the latter case, suit was brought on an account for goods sold through the intervention of local agents, but we do not see any distinction in principle between the cases. The case of Woessner v. Cottam, 19 Texas Civil Appeals, 611, is in point.

The matters set up in reconvention are founded upon the contract, and the damages claimed can only be recovered as for a violation of the contract, and the advertising and traveling expenses only if authorized by

it.    From its terms the contract appears to come within the prohibition of the statute against trusts.    Rev. Stats., arts. 5313, et seq.; Brewing Assn. v. Houck, 88 Texas, 184; Brewing Co. v. Templeman, 90 Texas, 277; Fuqua v. Brewing Co., 90 Texas, 298; Coal Co. v. Lawson, 89 Texas, 394.

Neither of the parties has raised the question either here or in the court below, but the illegality of the contract goes to the foundation of the action, and being against public policy, as well as against the statute, the court will refuse to aid the enforcement thereof.    It is not necessary that the question should have been raised in the court below or presented in this court by the parties themselves by assignments of error or otherwise.    Coal Co. v. Lawson, supra.

The illegality of the contract can not be waived by the parties.    On account of the illegality, the contract will not support the defense claimed for damages, and the entire defense must fall.    But it was a contention between the parties upon the trial below, which is here presented in this court, that at the time of the acts of the plaintiff complained of by the defendant the contract had expired by its terms and was not then in force, because it had never been renewed.    If the contract was not in force at the time the vaccine was sold the plaintiff could recover of the defendant the amount of its account, but the defendant would still have no cause of action, because whatever claim of damages he had was founded upon the contract, so in no event has the defendant any foundation for the matters pleaded by him in reconvention.    If the contract had been renewed and was in force between the parties when the vaccine was sold to Burkey, plaintiff can not recover on account of its illegality.    The clause of the contract providing the length of time it should remain in force, and for its continuance, requires no evidence in explanation thereof, and the testimony of Burkey as to what he and the agent of the plaintiff understood at the time the contract was entered into was not admissible.    Testimony could be heard, however, as to whether or not the contract had been renewed, and as there was some testimony received tending to show that it had been renewed, this court in reversing the judgment of the court below will not render judgment for the plaintiff for the amount of the account as found by the jury, but will remand the cause for another trial.    The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*