AMERICAN MFG. CO. v. SKIDMORE DRUG & FURNITURE CO. (No. 5328.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1914.)

1. COMMERCE (§ 40*)—"INTERSTATE COMMERCE" —WHAT CONSTITUTES.

Where plaintiff sold defendant an automobile and advertising material and tickets for a contest intended to develop defendant's business, the order being sent to plaintiff's place of business in a foreign state and there filled, the sale was interstate commerce, notwithstanding plain-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tiff agreed to send a man to assist defendant in starting and carrying on the contest.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40.*

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. COMMERCE (§ 40*)—"INTERSTATE COMMERCE"—WHAT CONSTITUTES.

That a foreign corporation sends its agents into the state to solicit orders does not cause sales made by such corporation, where consummated outside of the state, to lose their standing as interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40.*]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by the American Manufacturing Company against the Skidmore Drug & Furniture Company, a copartnership. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

H. Snodgrass, of Beeville, for appellant. B. D. Tarlton, Jr., and H. S. Bonham, both of Beeville, for appellee.

CARL, J. Appellant, American Manufacturing Company, sued Skidmore Drug & Furniture Company, a firm composed of R. W. Sparks and J. W. Mayo, appellees, on six notes signed by appellee on August 1, 1912, and payable to the order of appellant; four of said notes being each for the sum of $150, and due respectively in two, three, four, and five months after their date, and the other two each being for the sum of $200, and due in six and seven months from their dates. These notes were executed and delivered in pursuance of, and are the same notes referred to in, the contract between the parties, which follows:

American Manufacturing Company,
Incorporated.
Chicago, Ill.                    Lexington, Tenn.
Automobile Advertising Order.

This order consists of the following: 1 Howard Roadster, described on reverse side. One book, "How to Successfully Conduct the Contest and How to Increase Your Business." 3,000 circulars. 20 posters. 350 nomination letters. 350 follow-up letters. 1000 $5.00 trading books. 1 set display card signs. 10 42-piece dinner sets. 1,000 contestant's post cards. 1 voting register. 50 bulletins. 1 electro plate of automobile. 45,000 certificates in three colors for automobile votes in denominations of: Five cents; ten cents; twenty-five cents; fifty cents; one dollar; five dollars; ten dollars; twenty-five dollars; fifty dollars; hundred dollars.

Price ......................... $1,100 00
Less allowance for settlement
    with order..................    100 00
                                 _____
                                 $1,000 00

P. O. Skidmore, State, Texas.
American Manufacturing Company, Chicago, Ill., Lexington, Tenn.—Gentlemen: Please reserve and ship to us at your earliest convenience, f. o. b. factory, your automobile, 10 dinner sets and advertising matter, described on this and reverse side, in payment for which we hereby hand you our six notes for $1,000.00,

payable to your order. Our last twelve months sales were $12,000. Our next twelve months sales are to be $20,000. If this order is not approved the notes are to be cancelled and returned to us. If 5 per cent. of our gross sales for the next twelve months does not amount to one thousand dollars ($1,000.00), you will pay us the deficiency in cash, at the rate of 13⅓ cents on each dollar you fall short and send us your bond for $1,000.00 to cover this agreement with us. To make this last above clause binding upon you we agree to take the shipments promptly, carry out the contest plan, promptly meet all obligations entered into under this agreement, keep the automobile well displayed in our place of business, issue automobile votes for each cent purchased and every sixty days of this contest to report to you our gross sales, for one year and promptly furnish you all information you request to enable you to assist in pushing the contest. In consideration of the special methods, set forth in your copyrighted plan and the terms and agreements herein, this order cannot be countermanded. The title to automobile to remain in vendor until fully paid. Any verbal or written agreement not embraced herein will not be recognized and is not binding on vendor.

Date for closing contest, Feb. 1st, 1913.
(Date for closing contest must be given.)
[Signed]
Skidmore Drug & Furniture Co., Purchaser.
        By J. W. Mayo.
Town:  Skidmore.
County:  Bee.
State:  Texas.
Freight Station:  Skidmore.
Express Office:  Skidmore.
    [Seal]          Salesman, C. W. Falvey.
Date 7/2, 1912.

The specifications for the material, etc., of the automobile were also set out, but we do not consider that as having any bearing on this case, and therefore omit the same.

Appellee set up a plea, among other defenses, that the plaintiff is a foreign corporation, with its principal office at Lexington, in the state of Tennessee, and has not complied with the laws of the state of Texas by filing a copy of its charter in the office of the secretary of the state of Texas and obtaining a permit to do business in Texas, and cannot, for that reason, maintain a suit in the courts of this state. It is also pleaded, on behalf of the appellee that the transaction does not constitute interstate commerce. Fraud, misrepresentation, and breach of the contract are charged against appellant, and it is claimed that the agent, who obtained the contract and notes, represented that appellant would furnish a man to help appellees work up interest in the contest and supervise the same, but which was not done, and that a bond was given by appellant that it would guarantee certain sales by the time the contest ended, which was February 1, 1913. After a hearing on the special plea as to the right of the corporation to maintain the suit, the court sustained said plea and dismissed the suit. From that order, this appeal is prosecuted.

The facts show that appellant is a private Tennessee corporation, and has not a permit to do business in Texas. The contract was introduced in evidence, and in addition there-

to R. W. Sparks and J. W. Mayo were permitted to testify substantially to the following facts: That they are partners composing the Skidmore Drug & Furniture Company; that J. W. Mayo signed the contract, hereinabove set out, on behalf of the firm and in the firm name, and also the notes. The main purpose of the contract was to be an advertising feature, in which an automobile, which appellant was to furnish, was to be given away, and, by the publicity of such a contest for the automobile, appellees expected to increase their sales of merchandise. With each purchase, the customer would get a certain number of tickets or votes for the car. They say the agent, C. W. Falvey, agreed to come and help carry on the advertising campaign, but that he did not do so, except to come and stay about 30 minutes in looking over the automobile, because they had complained that it was not up to the standard of the specifications. Falvey did not return any more. They say that Falvey told them that the company would co-operate with them at all times and assist in carrying out the contest; that they would have some little trade books, and would go out into the country and sell these books, would take advertising matter and aid in advertising the contest; and that there would be a man regularly to help conduct the contest, and he would come about once a month. The advertising matter came when the automobile arrived, and was purchased at the time the car was bought. In fact, car and advertising matter were all shipped, under the terms of the contract, from the state of Tennessee.

Appellant wrote appellee on August 15, 1912:

"We have your letter of the 12th stating that your automobile had arrived and to send a man to start your contest. We are glad that same has arrived, and we have written Mr. C. W. Falvey, who will spend Sunday at Victoria, Texas, c/o Denver Hotel, to be sure to call on you and start your contest, and you will no doubt. hear from him in the next few days as to when he will arrive. Hoping that your contest will be a howling success and assuring you that we will be glad to co-operate with you from time to time in regard to same we are,
"Yours truly,
    "American Manufacturing Co.,
        "Geo. H. Partin, Pres."

Again, on October 14, 1912, appellant wrote appellee:

"Replying to your letter regarding the contest, beg to state that we are glad that it is getting along nicely. We have written one of our men to call and see you the next time he was in that territory. You will no doubt see Mr. C. W. Falvey, of Lufkin, Texas. Hoping the contest will get along nicely, we are, yours very truly."

As usual, the contest was not a success; hence the suit.

[1] The sole question before this court is as to whether the above facts show that appellant was doing business in this state, within the purview of the statute. We hold that appellant was not doing business in this state, but that this was clearly an inter-

state commerce transaction. This case is not similar to S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157, for in that case the subject-matter or consideration of the contract was the erection by the foreign corporation of certain improvements in the city of Ft. Worth, Tex. The part of Smythe & Co. was entirely to be performed in Texas and took a considerable time. In the case at bar, the letter which constitutes the contract was addressed to appellant in Tennessee and was there filled, f. o. b. factory. Everything called for in the contract was shipped from that state, and, when, that was done, the transaction was complete. It was performed, not in Texas, but in the state of Tennessee.

But it is insisted that, because appellant was to send a man to assist in the contest, that constituted performing the contract in Texas. We do not think so, because the contract was complete when the order was filled, and that was done in Tennessee. In speaking of incidental agreements to furnish a man to superintend in installing machinery, etc., Mr. Justice Moursund said in A. Leschen & Sons Rope Co. v. Moser, 159 S. W. 1025:

"The contract did not provide for the sale and delivery of a tramway after its completion, nor did it call for the sale of a tramway delivered with an agreement to install the same, but it was merely proposed to furnish a competent superintendent in order to facilitate the erection of the machinery by Moser and make proper adjustments thereof. We do not think this incidental agreement can be given the effect of making the transaction one not involving interstate commerce. To so hold would mean that a corporation in another state would have to forego sales in such state of machinery to be erected in this state, if the purchaser refused to buy, unless the corporation furnished a capable man to supervise the erection and adjustment of the machinery, or else it would have to secure a permit to do business in this state. We hold that appellants are entitled to maintain their suit. Flint & Walling Mfg. Co. v. McDonald, 21 S. D. 526, 114 N. W. 684, 14 L. R. A. (N. S.) 673, 130 Am. St. Rep. 735; Milam Mill Co. v. Gorten, 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; Smythe Co. v. Ft. Worth Glass & Sand Co. [105 Tex. 8] 142 S. W. 1160."

There are many cases sustaining the holding here made by us, but we do not care to incumber the record by setting them out.

[2] A foreign corporation is not prevented by our statutes from sending its representatives into this state to solicit orders, and the fact that such is done does not cause such transactions to lose their standing as interstate commerce. Miller et al. v. Goodman, 91 Tex. 41, 40 S. W. 718; De Witt v. Berger Mfg. Co., 81 S. W. 335; Barnhard Bros. & Spindler v. Morrison, 87 S. W. 378; Brown v. Guarantee Savings, Loan & Investment Co., 46 Tex. Civ. App. 295, 102 S. W. 138; Lasater v. Purcell Mill & Elevator Co., 22 Tex. Civ. App. 33, 54 S. W. 425; Pasteur Vaccine Co. v. Burkey, 22 Tex. Civ. App. 232, 54 S. W. 804; Woessner v. H. T. Cottam & Co., 19 Tex. Civ. App. 611, 47 S. W. 678.

The question of failure of consideration,

either in whole or in part, is not before us now.

In view of the foregoing, the judgment will be reversed, and the cause remanded for another trial.