### BLACKWELL v. GENERAL MOTORS ACCEPTANCE CORPORATION.

### No. 3810.

Court of Civil Appeals of Texas. Amarillo.
Oct. 12, 1932.

Rehearing Denied Nov. 23, 1932.

Hugh L. Umphres, of Amarillo, for appellant.

Dorenfield, Foster & Fullingim, of Amarillo, for appellee.

JACKSON, J.

The appellee instituted this suit in the district court of Potter county, Tex., against the

appellant to recover the principal sum of $2,-575.25 due in monthly installments, evidenced by a written sales contract executed by the appellant and payable to Carl Ray as part of the purchase price of a certain Cadillac automobile.

The appellee sufficiently alleges the terms of the contract pertaining to payment and default; the stipulations thereof creating a chattel mortgage lien against the automobile; the assignment in writing to appellee of the contract by Carl Ray; attaches to and makes a part of its petition the sales contract; and prays for judgment for its debt, foreclosure of its mortgage, and the sale of the property thereunder.

The appellant answered by general demurrer and general denial.

The case was submitted to the court without the intervention of a jury and judgment rendered for appellee for its debt and the foreclosure of its mortgage, which action of the court is before us for review.

At the request of appellant the court filed his findings to the effect that Carl Ray was a dealer in automobiles during the month of February, 1931, in Amarillo, Tex.; that prior to February 23d of that year the appellant was negotiating with Carl Ray for the purchase of the automobile, and on Sunday, February 22d, he agreed to purchase and the sales contract was executed at Ray's place of business in Amarillo on Sunday, February 22d; that on said day some of the employees were at his place of business, serviced the automobile, and did what was necessary in closing the sale; that appellant took possession of the automobile and continued to use it until a writ of sequestration issued in this suit was levied thereon the 3d day of June, 1931; that appellant never tendered said automobile to Carl Ray or the appellee, nor offered to rescind the transaction by which he acquired possession thereof; that appellee is duly incorporated and authorized to transact business in this state; that the sales contract was dated February 23d and was by written transfer of the same date sold to appellee for a valuable consideration without notice or knowledge that the sale was made on Sunday and that the assignment from Carl Ray to appellee was not sufficient to put appellee on inquiry. The court refused to find whether or not all the employees were at the place of business on said Sunday or whether the place was kept open on that day for the purpose of making the sale to appellant or for any other purpose. The court states in his findings that he seriously doubts his right to consider the illegality of the contract on the evidence offered by defendant to the effect that the transaction involved occurred on Sunday, but has determined to do so.

Appellant makes no complaint of the fact findings of the court, but challenges the judgment against him as unwarranted because the contract sued on as a matter of law was illegal under article 286 of the Penal Code, inasmuch as the court's findings show that Carl Ray was a dealer in automobiles and at his place of business sold and delivered the machine in controversy to appellant on Sunday.

The instrument sued on is not drawn payable "to bearer" nor "to the order of a specified person or to him or his order" and contains no language which "clearly indicate an intention to conform to the requirements" of the Negotiable Instruments Law, and hence is nonnegotiable. Article 5932, §§ 8, 9, 10, R. C. S.

The Supreme Court of Mississippi, in our opinion, in construing a contract substantially in the language of the one involved in this suit, correctly held it to be nonnegotiable. J. W. McNees Motor Company v. Brumfield, 157 Miss. 132, 126 So. 898. Quast et ux. v. Ruggles, 72 Wash. 609, 131 P. 202, is also authority that the instrument involved is not negotiable.

The appellant did not file a plea of non est factum and did not assert by verified plea that the assignment of the sales contract was a forgery. He did not allege that the contract was illegal or set up any fact to show illegality but relied entirely on his general denial. His contention is that the illegality of a contract need not be specifically pleaded as a defense and that the evidence offered by him under his general denial was admissible, and having established thereby that the sale was made on Sunday, the court should refuse to enforce it.

The authorities are in hopeless conflict on the proposition urged, and appellant cites numerous decisions from foreign jurisdictions which sustain his contention. He also calls our attention to the following cases by the Texas courts: Texas & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919; Pasteur Vaccine Co. v. Burkey, 22 Tex. Civ. App. 232, 54 S. W. 804, 805; Willis et al. v. Weatherford Compress Co. (Tex. Civ. App.) 66 S. W. 472; Bishop v. Japhet (Tex. Civ. App.) 171 S. W. 499, 500; Osage Oil & Gas Co. v. Caulk (Tex. Civ. App.) 243 S. W. 551; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co. (Tex. Civ. App.) 271 S. W. 145. These Texas cases he asserts hold that when the illegality of a contract appears, even though not pleaded, the court will at once refuse to enforce its provisions.

The seeming conflict between the holdings announced in the above Texas cases and in other decisions by the Texas courts is, we think, apparent rather than real and arises from general expressions and obiter dicta statements. The rule adopted by the Texas courts seems to be that: "The plaintiff cannot recover when it is necessary for him to

prove, as a part of his cause of action, his own illegal contract or other illegal transaction; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear, and may be important even as explanatory of other facts in the case, he may recover." Beer et al. v. Landman, 88 Tex. 450, 31 S. W. 805, 807.

In Floyd et al. v. Patterson, 72 Tex. 202, 10 S. W. 526, 527, 13 Am. St. Rep. 787, Judge Gaines quotes with approval the following language: "It has been observed that the test whether a demand connected with an illegal act can be enforced is whether the plaintiff requires any aid from the illegal transaction to establish his case."

The same eminent jurist approves this holding again in Oliphant et al. v. Markham et al., 79 Tex. 543, 15 S. W. 569, 23 Am. St. Rep. 363. This rule is adhered to by the Texas courts in Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Simon v. Garlitz, 63 Tex. Civ. App. 172, 133 S. W. 461; Stone v. Robinson et al. (Tex. Com. App.) 234 S. W. 1094.

None of the Texas authorities cited by the appellant supra contravene this rule. In Coal Co. v. Lawson, the illegality of the contract sued on was "apparent on its face." In Vaccine Co. v. Burkey, the court says: "From its terms, the contract appears to come within the prohibition of the statute against trusts." In Willis v. Weatherford there was no allegation that the contract was illegal, but intervener resisted the recovery "pleading the facts." In Bishop v. Japhet, it is said the plaintiff to avoid the defendant's legal title "is obliged to prove his participation in a transaction prohibited by the civil and penal laws of our state." In Osage Oil Co. v. Caulk, the record discloses that the contract sued on was a contract for labor on Sunday, hence the illegality appeared on the face of the contract. In Amarillo Oil Co. v. Ranch Creek Oil & Gas Co., the record discloses that by trial amendment the appellant pleaded the facts disclosing the illegality of the contract.

In Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 168, 15 Am. St. Rep. 764, Judge Gaines, for the Supreme Court, says: "In order for defendant to have availed himself of the illegality of the contract as a defense, he should have pleaded it."

In Mullin v. Nash-El Paso Motor Co. (Tex. Civ. App.) 250 S. W. 472, 475 (writ denied), the court at El Paso holds: "The rule of pleading is that, if a plaintiff, in order to make out his cause of action, is required to show that the contract sued upon is, for any reason, illegal, the court will not enforce it, whether pleaded as a defense or not. But when the illegality does not appear from the contract itself or for the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and to be available, it must be pleaded."

To the same effect are the holdings in Markle v. Scott, 2 Willson, Civ. Cas. Ct. App. § 674; and Turner v. Gibson, 2 Willson, Civ. Cas. Ct. App. § 714; Nunn v. Lackey, 1 White & W. Civ. Cas. Ct. App. § 1331.

In Bland & Server v. Brookshire, 3 Willson, Civ. Cas. Ct. App. § 446, the court quotes with approval Adams v. Gay, 19 Vt. 358, by the Vermont court, as follows: "We think contracts made upon Sunday should be held an exception in some sense from the general class of contracts which are void for illegality. Such contracts are not tainted with any general illegality; they are illegal only as to the time in which they are entered into. When purged of this ingredient they are like other contracts. Contracts of this kind are not void because they have grown out of a transaction upon Sunday. This is not sufficient to avoid them; they must be finally closed upon that day. And, although closed upon that day, yet if affirmed upon a subsequent day they then become valid."

We deem it unnecessary to cite the decisions of foreign jurisdictions holding that illegality is a special defense which must be pleaded and that evidence to prove such defense is not admissible under a general denial.

Plaintiff's petition did not disclose that the sales contract sued on was executed on Sunday, neither was this fact revealed by the contract itself or the assignment thereof or any testimony offered by plaintiff to prove its cause of action. The appellee objected to the proof offered by appellant showing that the sale was made on Sunday because there was no pleading that rendered such testimony admissible. These exceptions properly appear in the record and are made the basis of cross-assignments of error by appellee. These cross-assignments are sustained because, in our opinion, this testimony was not admissible under the general denial.

The judgment is affirmed.