## SMITH v. REFRIGERATION DISCOUNT CORPORATION.

### No. 1368.

Court of Civil Appeals of Texas. Waco.

May 11, 1933.

848

J. A. Kibler and Tom Hamilton, both of Waco, for appellant.

Williams, Williams, McClellan & Lincoln and Holvey Williams, all of Waco, for appellee.

STANFORD, Justice.

On July 26, 1930, W. H. Smith entered into a written contract with J. H. Byrne by which Byrne sold Smith a Kelvinator and certain freezing units and accessories used in connection therewith, for the total recited consideration of $731. A cash payment of $104 was recited, and the balance was to be paid in monthly installments of $26 each. Shortly thereafter said written contract was sold and assigned by Byrne to the Refrigeration Discount Corporation. Smith failed to pay the installments as they matured because the machine failed to work, and the Refrigeration Discount Corporation brought suit against him to recover the balance of the unpaid installments.

The defendant answered by general demurrer and general denial, and, under oath, alleged a failure of consideration in that the machinery and equipment described in the contract would not do the work for which it was intended and was wholly worthless. The plaintiff, by way of supplemental petition, alleged that the written contract in question was a negotiable instrument, and that the plaintiff purchased said contract before maturity, for value, in good faith and without notice, and that by reason thereof plaintiff was entitled to recover thereon, even though there was a failure of consideration as between Smith and Byrne. Upon the trial of the case there was evidence introduced tending to support the plea of failure of consideration. The trial court, however, gave an instructed verdict for the plaintiff. The defendant appealed.

Since the pleadings and evidence raised the issue of failure of consideration, the trial court was not authorized to give an instructed verdict for the plaintiff unless the instrument sued on was a negotiable instrument. Said contract provided, in part, as follows:

"The undersigned seller hereby sells and the undersigned purchaser hereby purchases: 1 Kelvinator Model No. F 30, Serial 309261, Total installed price $654.00. Cash payment by purchaser (Receipt acknowledged by Seller) $104.00. Unpaid balance $550.00. 2 Special Freezing Units X5–70, Serials 182422 & 162970. Add Time Financing Charge $77.00. Balance to be paid by Purchaser $627.00. 1 other Equipment (Itemize) 4x5x9 McCray Meat Cooler Serial 13792.

"Said balance to be paid in installments as follows: $26.00 on the 1st day of September and one installment each month hereafter, the final monthly payment to be the amount of the balance then due; with interest after maturity on all installments at the highest legal contract rate. All payments by the Purchaser are to be made at the office of the Refrigeration Discount Corporation, Detroit, Michigan."

Said contract nowhere recites that the unpaid balance of the purchase price should be paid to order or bearer. By the express terms of the uniform Negotiable Instrument Act, an instrument to be negotiable "must be payable to order or to bearer." Revised Statutes, article 5932, § 1, subsec. 4; see, also, Clay-Butler Lumber Co. v. W. H. Pickering Lumber Co. (Tex. Com. App.) 276 S. W. 664; Blackwell v. General Motors Acceptance Corporation (Tex. Civ. App.) 54 S.W.(2d) 251. It is apparent, therefore, that the instrument here sued on was not negotiable, and that the court erred in giving an instructed verdict for the plaintiff.

The judgment of the trial court is reversed, and the cause remanded for a new trial.