**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Norman W. MATSON, Appellee.**

No. 10757.

Court of Civil Appeals of Texas.

Austin.

June 1, 1960.

John B. McNamara, Jr., Waco, for appellant.

Curtis, Duncan & Bragg, Killeen, for appellee.

GRAY, Justice.

A former appeal of this cause was dismissed by this court because of the absence of a final judgment. General Motors Acceptance Corporation v. Matson, Tex.Civ. App., 325 S.W.2d 909.

Subsequent to our dismissal of the former appeal the parties again appeared before the trial court and a judgment was rendered which recites:

"* * * that the judgment and order heretofore entered was not a final judgment or order of this Court and it is the purpose and intention of the Court to make a final decree, order and judgment herein, it is accordingly, ordered, adjudged and decreed by the Court that the cause of action alleged and asserted by the Plaintiff, General Motors Acceptance Corp. against the Defendant, Norman W. Matson, be, and the same is hereby, dismissed from the docket of this Court and the Plaintiff shall take nothing against said Defendant. All costs herein are assessed against Plaintiff, * * *."

By their stipulation the parties have submitted this cause on the transcript, statement of facts and briefs filed in the prior appeal together with the transcript showing the judgment of dismissal supra.

Our former opinion contains a statement of the nature and result of the suit, the nature of appellant's alleged cause of action and appellee, Norman W. Matson's answer. We here refer to and adopt that statement in lieu of repeating it and will add only such additional statements as we deem necessary for a disposition of the questions here presented.

The instrument sued on by appellant is designated "Retail Installment Contract." It sets out a description of the automobile purchased by appellee from Paramount Oldsmobile, Inc., the cash sale price of said automobile, the amount of the down payment made by appellee, the amount of the unpaid balance and the cost of insurance.

It then lists the total amount to be paid by appellee and the manner of its payment as follows:

"6. Principal Balance (Add items 3, 4a, 4b and 5)-------------- $2802.10
7. Credit Service Charge------ 437.60
8. Time (Deferred) Balance (Add items 6 and 7)-------- 3239.70
9. Time Sale Price (Add items 2 and 8)-------------------- 4435.26

The time Balance is payable at the seller's office designated below or at such office of any assignee as may be hereafter designated in 30 instalments of-------- 107.99 each, commencing March 10, 1958, and on the same day of each successive month thereafter, or as indicated in space below. The final instalment shall equal the amount of time balance remaining due."

The contract was signed by appellee and his wife and it was assigned by Paramount Oldsmobile, Inc., to appellant by "Dealer's Recommendation, Assignment and Guaranty" in the following language:

"For value received, undersigned does hereby sell, assign and transfer to the General Motors Acceptance Corporation his, its or their right, title and interest in and to the within contract, herewith submitted for purchase by it, and the property covered thereby and authorizes said General Motors Acceptance Corporation to do every act and thing necessary to collect and discharge the same.

"The undersigned certifies that said contract arose from the sale of the within described property, warranting that title to said property was at time of sale and is now vested in the undersigned free of all liens and encumbrances; that said property is as represented to the buyer of said property by the undersigned and that statements made by the buyer of said property on the statement form attached hereto are true to the best of the knowledge and belief of the undersigned.

"In consideration of your purchase of the within contract, undersigned guarantees payment of the full amount remaining unpaid hereon, and covenants if default be made in payment of any instalment herein to pay the full amount then unpaid to General Motors Acceptance Corporation upon demand, except as otherwise provided by the terms of the present General Motors Acceptance Corporation Retail Plan. Liability of the undersigned shall not be affected by any settlement, extensions or variations of terms of the within contract effected with, or by the discharge or release of the obligation of the buyer or any other person interested, by operation of law or otherwise. Undersigned waives notice of acceptance of this guaranty and notices of non-payment and non-performance."

Appellant says that it is a holder in due course of the above instrument, that it holds it freed of any defenses available to the original parties to it and is entitled to enforce its payment against all parties liable thereon. It asserts that the contract is a negotiable instrument.

■ It is to be noted that the contract provides: "The time balance is payable at the seller's office listed below or at such office of any assignee as may be hereafter designated. * * *" The seller's office is designated as 245 Flatbush Ave., Brooklyn, New York. However the contract does not provide that it is payable "to order" or "to bearer." It therefore lacked an essential element to make it a negotiable instrument. Art. 5932, Sec. 1(4), Vernon's Ann.Civ.St.; Clay-Butler Lumber Co. v. W. H. Pickering Lumber Co., Tex.Com.App., 276 S.W. 664; Blackwell v. General Motors Acceptance Corporation, Tex.Civ.App., 54 S.W.2d 251. Smith v. Refrigeration Discount Corporation, Tex.Civ.App., 60 S.W.2d 847. McCray Refrigerator Sales Corporation v. Johnson, Tex.Civ.App., 121 S.W.2d 410.

Sections 8 and 9 of Art. 5932, supra, name the provisions making an instrument payable "to order" or "to bearer." None of said named conditions are applicable to the instrument before us.

It is our opinion that the contract sued on was non-negotiable and that it is subject to any defenses and equities in the hands of appellant that could be urged against it in the hands of Paramount Oldsmobile, Inc. 6 Tex.Jur., Sec. 8, p. 598.

It appears that appellee contended and the trial court was of the opinion that appellee was entitled to the benefit of the "reserve account" in the hands of appellant and that appellant is required to collect its damages out of that account. See our former opinion, 325 S.W.2d at pages 910–911, for a stipulation as to this reserve account and the trial court's order.

■ Appellee was not a party to the agreement between Paramount Oldsmobile, Inc. and appellant whereby this reserve account was created and it does not purport to be for the benefit of the purchasers of automobiles. The parties stipulated that:

"* * * this reserve account is held by General Motors Acceptance Corporation to protect General Motors Acceptance Corporation against losses arising from non-payment of notes assigned to General Motors Acceptance Corporation by Paramount Oldsmobile Incorporated; * * *."

The reserve account was created by agreement of Paramount Oldsmobile, Inc. and appellant for the purpose of protecting appellant from losses to it arising from the nonpayment of notes assigned to it by Paramount Oldsmobile, Inc. This being the status of the reserve account it did not relieve appellee of his obligation to pay his note and of course he could not discharge his liability by compelling appellant to resort to said reserve account in order to protect it against loss.

It is our opinion that the trial court erred in dismissing the cause. Accordingly that judgment is reversed, the cause is remanded to the trial court with instructions that it be reinstated on the docket for a trial on its merits consistent with this opinion.

Reversed and remanded with instructions.