## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Southern Bank
and Trust Co.

v.

Tom L. Petrick

March 3, 1969

Case No. 871

By JUDGE ALEX H. SANDS, JR.

This case, tried without a jury, presents the following facts.

Defendant purchased from Hamner T.V. Co. a Packard Bell Stereo under a conditional sales contract. Plaintiff purchased the contract from Hamner and defendant having fallen in arrears in payments under the contract, plaintiff repossessed and sole the stereo, complying with all statutory requirements governing such sale, and now sues the defendant for the balance alleged to be due under the conditional sales contract.

Defendant contends that he has certain defenses to any action on the contract by Hamner and that these defenses are equally as valid as to any action by plaintiff, who is Hamner's assignee. Plaintiff challenges defendant's right to set up any defenses because of certain provisions in the contract which, it argues, expressly preclude defendant from setting up such defenses as to plaintiff.

There are but two issues presented in the case, i.e. (1) whether the defenses asserted by defendant are, in fact, valid defenses under the evidence and if so,

(2) whether defendant is precluded by the provisions of the conditional sales contract from relying upon the defenses in an action by plaintiff. These issues will be considered in inverse order.

### Can such defenses be made by defendant?

While there appears no direct authority on the point in Virginia, the general rule appears unquestionably to be that conditional sales contracts are not negotiable instruments. 78 C.J.S. *Sales* sec. 641, page 454; *U. S* v. *One Buick Coupe Automobile*, 58 F.2d 387 (D. N.H. 1932); *G. M. A. C.* v. *Davis*, (Kan.) 218 P.2d 181; *First Nat. Bank* v. *Hoover*, (Mo.) 242 S.W. 107; *Giannini* v. *Wilson*, (N.M.) 95 P.2d 209; *Blackwell* v. *G. M. A. C.*, 54 S.W.2d 251. The Law and Equity Court, following the majority rule, has so held in prior cases where the question has arisen. *See Southern Bank & Trust Co.* v. *Hugh ·L. Hollins*, Case No. 9918. This being true, the assignee of such contract takes, under Virginia statute, subject to all defenses and equities available to the buyers against the assignor. Sec. 8-94 of the Code of 1950 as amended. Moreover, such defenses may be raised even though they arise after the assignment. *National Bank & Trust Co.* v. *Castle*, 196 Va. 686 (1955).

Plaintiff, however, relies upon that provision of the conditional sales contract which reads:

> Buyer has been informed that Seller will offer this sale agreement to Southern Bank and Trust Company, 122 E. Grace Street, Richmond, Virginia (hereafter called "Bank"). To induce Bank to purchase the agreement, Buyer represents (1) that this agreement was entered into in good faith by Buyer and Seller, and represents the entire agreement between them, (2) Buyer has no defenses, offsets or counterclaims against this agreement or the obligation thereof, and (3) Buyer will not assert against the Bank or other assignee any defense, offset, claim or counterclaim of any kind whatsoever which may exist in favor of Buyer against Seller.

Ordinarily this language is held to be a valid provision and would preclude defendant setting up the claimed defenses. 78 C.J.S., p. 456; *U. S., etc.* v. *Troy-Parisian, Inc.*, 115 F.2d 224 (9th Cir. 1940); *Nat. City Bank etc.* v. *Prospect Syndicate*, 10 N.Y.S.2d 759.

This holding, however, presupposes that the assignee relies upon such contractual provision as an inducement to purchase the contract. In the case at bar the witness Baldwin, Vice President of plaintiff, was asked: "Did the defendant in the sales contract make you any promises?" In answer to which question the witness replied: "No." The Court, believing that the witness misunderstood the question, permitted counsel for plaintiff to attempt to correct the answer of the witness but the answer remained "No." This testimony is not too important as the contract, on its face, shows that it did, in fact, contain representation by defendant that he would not interpose any defenses to an action by plaintiff. Whether plaintiff relied upon these representations which induced it to enter into the contract of assignment is, however, vitally important. Upon this point the evidence was as follows: The witness Baldwin was asked this crucial question: "Did your bank (i.e. plaintiff) rely upon any promises which defendant made to it in this agreement as an inducement to it to purchase the contract?" To which the witness responded "No." Under these circumstances plaintiff cannot be heard to argue that it did rely upon the contractual language in the conditional sales agreement.

It is, therefore, held that defendant may rely upon his defenses.

### Validity of defenses

Defendant contends that at the time that he negotiated with Hamner for the stereo that he could have purchased the unit at another retail outlet (a salvage outlet) for less than the price asked by Hamner but that he bought from Hamner at a higher price in consideration of the transfer to him by Hamner of a share of stock in the Packard Bell Corp., (which company manufactures the type T.V. here involved) together with a $100.00 discount, that his right to receive the stock was subsequently cancelled before delivery to him and that his failure to make his payments

under the contract was due to this failure by Hamner to complete his part of the agreement.

Hamner admits that the offer of the stock was made as a part of the sales agreement but says the stock was worth only $16.00 and not $100.00 as defendant contends. He further says that defendant's name was removed from the stock purchaser's list because it became apparent that defendant was not going to live up to his part of the contract. Defendant contends that he was given a "brush off" by both the bank and by Hamner when he attempted to secure the delivery of his stock.

Defendant contends that the failure of Hamner to deliver the stock as per the agreement constituted fraud which voided the contract *ab initio*. This contention is not sound. Not only does the evidence fail to establish fraud by "clear and cogent" proof but it does not raise even an inference of any fraud on the part of Hamner in his dealings with defendant.

The evidence does, however, conclusively establish, in the Court's opinion, that the sale, as originally consummated, contemplated the issuance of one share of stock to defendant by Packard Bell Corp. and that it was this fact, along with the $100.00 discount, which induced the defendant to purchase the stereo from Hamner rather than an identical one which could be had from a salvage outlet at a lower price, albeit, this later unit was being handled as part of a salvage inventory. The fact that the true value of the share of stock was some $16.00 rather than $100.00 as defendant believed at the time is of no moment. It is not for the Court to say that defendant would not have been influenced in his decision to purchase from Hamner had he known the true value of the share of stock. The significant point is that defendant's offer to purchase contemplated the acquisition of the share of stock along with the T.V. Hamner failed to deliver the stock as was his agreement and this rendered the sale voidable at the option of defendant. Since this failure on the part of Hamner to comply with the terms of the purchase contract would be a good defense in any action by Hamner against defendant, it is also a good defense against plaintiff who, for the reasons above assigned, stands in Hamner's shoes. Judgment will accordingly be rendered in favor of the defendant.